**Harry E. FERGUSON, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 879S221.

Supreme Court of Indiana.

May 15, 1980.

Mark Peden, Foley, Foley & Peden, Martinsville, for appellant.

Theodore L. Sendak, Atty. Gen. of Indiana, Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

Defendant, Harry E. Ferguson, was convicted by a jury of attempted murder, Ind. Code §§ 35–41–5–1 and 35–42–1–1 (Burns 1979 Repl.); attempted rape, a class A felony, Ind.Code §§ 35–41–5–1 and 35–42–4–1 (Burns 1979 Repl.); and sentenced to forty years on each count, said sentences to be served consecutively. The jury further found that defendant was an habitual offender, Ind.Code § 35–50–2–8 (Burns 1979 Repl.) and the trial court ordered that defendant serve thirty more years consecutive to the above sentences. Defendant now appeals raising the following issues:

1. Whether the trial court erred in denying defendant's motion for mistrial alleging jury misconduct; and

2. Whether the trial court erred in denying defendant's motion to correct errors alleging jury misconduct.

The relevant facts follow.

During the trial, the jury was occasionally separated and the trial court admonished the jurors that they were not to discuss the case among themselves nor were they to express or form any opinion concerning the

outcome of the case until they heard all of the evidence. Nevertheless, one juror came forward and related a conversation in which another juror had expressed an opinion regarding the guilt of defendant. Defendant had introduced evidence of his alcohol addiction. Under examination by the trial court, juror one testified regarding juror two:

"Well, she said her father was an alcoholic for ten years; said they went—her and her family went through hell when he was an alcoholic and she said I know by personal experience that you don't know what you're doing sometimes and she said well, I just don't think he's guilty, and she said if—if anybody else don't feel the way I do, then we're going to be here for a long time cause I've already made up my mind."

Juror two testified that she had some personal experience through her father's drinking problem. She indicated that she had not made up her mind and would not until she heard all the evidence and the final instructions. Defendant made a motion for mistrial based on improper discussions among jurors. At that time the judge brought all of the jurors in and questioned them regarding these discussions. There was further indication during this interrogation that discussions had taken place. The judge again admonished the jury to disregard prior out-of-court comments and to confine their considerations solely to what they see and hear in the courtroom.

After trial, defendant offered the affidavit of juror two above in support of defendant's motion to correct errors. The affiant said that the jury did discuss the evidence despite the court's admonishment; that several jurors expressed strong opinions indicating the verdict they were going to find prior to the presentation of all the evidence; that the jurors did not detail the extent or entire content of their conversations when interrogated by the judge; and that two jurors read the product of their independent research, including Bible quotations indicating a predisposition toward a finding of guilt prior to final instructions, but after all the evidence was heard. Defendant's motion to correct errors was also denied.

I.

Ind.Code § 35–1–37–1 (Burns 1979 Repl.) provides:

"If a juror have any personal knowledge respecting any fact material to the cause, he must declare it in open court during the trial. If, during the retirement of the jury, a juror declare a fact which could be evidence in the cause, as of his own knowledge, the jury must return into court. In either of these cases, the juror making the statement must be sworn as a witness, and examined in the presence of the parties. If the court deem any such evidence material to the cause, the jury shall be discharged without prejudice and another jury summoned to try the cause."

In dealing with instances of influence of outside publicity, this Court has granted the trial judge wide discretion. The judge must interrogate jurors in order to determine the extent of the jury's exposure and the likelihood of prejudice resulting therefrom. *Lindsey v. State*, (1973) 260 Ind. 351, 295 N.E.2d 819. A mistrial is appropriate only where it is shown that the publicity has influenced the jury. *Harris v. State*, (1967) 249 Ind. 681, 231 N.E.2d 800.

The above quoted statute deals more specifically with the personal knowledge of a juror. However, the statute and the *Lindsey* procedural requirements are virtually identical. Consequently, under both authorities, when the trial court has examined the jurors, determined that none have been influenced by the extraneous information and properly admonished the jurors, the judge does not abuse his discretion in denying the motion for mistrial. *Sacks v. State*, (1977) Ind.App., 360 N.E.2d 21.

The statute does require the judge to discharge the jury if a juror professes personal knowledge of evidence material to the cause. Juror two's statement regarded her opinion as to alcoholism in general and there was evidence of defendant's alcoholism adduced at trial. We will not say,

under the circumstances, that the trial judge abused his discretion in determining that her knowledge was not evidence material to the cause.

 There was a conflict in the evidence as to the effect of the discussions on the jury. No juror indicated that the discussions would affect them in their deliberations. Both jurors who were asked indicated that they would decide the case solely on the evidence offered at trial.

> "It is not required, however, that the jurors be totally ignorant of the facts and issues involved. . . . It is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court." *Irvin v. Dowd*, (1961) 366 U.S. 717, 722–3, 81 S.Ct. 1639, 1642–3, 6 L.Ed.2d 751, 756.

The mere fact of conversations among jurors does not, as defendant urges, constitute reversible error in this regard. It is true that reversal was necessary when undisputed evidence showed that two police officers, who were witnesses at trial, visited and conversed with jury members during a recess. *Woods v. State*, (1954) 233 Ind. 320, 119 N.E.2d 558. The dangers of discussions with witnesses are not present here. Defendant has failed to show harm to his right to an impartial jury and, therefore, the ruling of the trial court will be left undisturbed. *Brown v. State*, (1964) 245 Ind. 604, 201 N.E.2d 281.

## II.

 Defendant's attempt to impeach the verdict of the jury through the vehicle of a juror's affidavit in support of his motion to correct errors was properly disposed of by the trial court. It is well settled that a defendant may not interrogate jurors for the purpose of impeaching their verdict. *Wilson v. State*, (1970) 253 Ind. 585, 255 N.E.2d 817:

> "Even the slightest consideration of such a practice under these circumstances would create an intolerable situation and no jury verdict would ever be lasting or conclusive." 253 Ind. at 591, 255 N.E.2d at 821.

> "If this Court were to permit individual jurors to make affidavits or give testimony disclosing the manner of deliberation in the jury room and their version of the reasons for rendering a particular verdict, there would be no reasonable end to litigation. Jurors would be harassed by both sides of litigation and find themselves in a contest of affidavits and counter-affidavits and arguments and re-arguments as to why and how a certain verdict was reached. Such an unsettled state of affairs would be a disservice to the parties litigant and an unconscionable burden upon citizens who serve on juries. The trial court did not err in refusing to set aside the verdict by reason of the affidavits of the jurors." *Stinson v. State*, (1974) 262 Ind. 189, 198, 313 N.E.2d 699, 704.

Defendant relies upon *Atkinson v. State*, (1979) Ind.App., 391 N.E.2d 1170, as authority for the use of affidavits in this manner. However, in that case, the defendant offered affidavits of individuals who were not jurors. Furthermore, those affidavits indicated that a juror knew the defendant's family but did not disclose that fact to the trial court when the juror became aware of that fact when he saw the first witness at trial. The affidavits did not mention the manner of deliberations in the jury room.

The *Wilson* and *Stinson* cases prohibit the use of affidavits in the manner defendant attempted in this case. We will not disturb this precedent.

For the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.