Patrick WATKINS, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 1079S300.

Supreme Court of Indiana.

Oct. 8, 1980.

Harriette Bailey Conn, Public Defender, Ihor N. Boyko, Deputy Public Defender, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Kathleen G. Lucas, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

This is an appeal from the denial of post conviction relief. Petitioner (Appellant) was convicted of Second Degree Murder upon a plea of guilty and sentenced to not less than fifteen (15), nor more than twenty–five (25) years imprisonment. No appeal was taken from the conviction. Petitioner now appeals the denial of his petition for post conviction relief, raising the following issues:

(1) Whether the petitioner's guilty plea was knowingly, intelligently and voluntarily made.

(2) Whether the petitioner was adequately represented by counsel.

(3) Whether it was fundamental error for the trial court to have made a certain remark during the post conviction hearing.

\* \* \* \* \* \*

## ISSUE I

The petitioner contends that his guilty plea was not knowingly, intelligently and voluntarily entered. In support of that contention, he submits that at the guilty plea hearing, the trial judge neither determined that he understood and nature of the charge nor advised him that his privilege against self–incrimination would exist at trial, as well as at the guilty plea hearing. Neither facet of the contention has merit.

In *Henderson v. Morgan*, (1976) 426 U.S. 637, 647, 96 S.Ct. 2253, 2259, 49 L.Ed.2d 108, 116, the United States Supreme Court affirmed the setting aside of a guilty plea because the respondent had not received adequate notice of the offense to which he had pleaded guilty. In so doing, the Court noted that

"[t]here was *no* discussion of the elements of the offense of second–degree murder, *no* indication that the nature of the offense had ever been discussed with respondent, and *no reference of any kind* to the requirement of intent to cause the death of the victim;"

and that

"[n]ormally the record contains either an explanation of the charge by the trial judge, or at least a representation by

defense counsel that the nature of the offense has been explained to the accused." *Id.* at 642–43, 647, 96 S.Ct. at 2256, 2258, 49 L.Ed.2d at 113, 115 (emphasis added).

█ In the case at bar, the record of the guilty plea hearing reveals that the trial court asked the petitioner whether he understood the nature of the charge and whether he had discussed the charge with his attorney. It also discloses that the petitioner's counsel asked him whether he understood what he was pleading guilty to, *i. e.*, whether he had beat and drowned the victim, and that the prosecuting attorney, after reading the charging information, asked him whether he understood the meaning of "malice" and "bad or wicked intent" and whether he admitted acting maliciously. The petitioner responded in the affirmative to all of the inquiries. Thus, there was substantial support for the trial court's determination that the petitioner had understood the nature of the charge against him, quite unlike the situation in *Henderson*.

The petitioner, in addition to *Henderson*, relies upon the decisions in *Brooks v. State*, (1974) 161 Ind.App. 552, 316 N.E.2d 688, and *Bonner v. State*, (1973) 156 Ind.App. 513, 297 N.E.2d 867. Again, these cases are not supportive of his position.

The holding in *Brooks* was

" \* \* \* that since the trial court explained the elements of a greater charge, embracing the lesser included offense to which the defendant's plea was addressed, and since Brooks fails to make the barest allegation that he did not understand the nature of the crime to which he pleaded and since the facts fully support the guilty plea, the trial court was not required to find, as a matter of law, that the defendant did not knowingly and intelligently make his plea." 161 Ind. App. at 561, 316 N.E.2d at 693.

Thus, *Brooks* effectively supports the instant trial court's determination that the petitioner understood the nature of the charge against him, that the elements of

Second Degree Murder were explained to him and that he expressed his understanding of those elements. Moreover, the petitioner has made no claim that the factual basis for the charge, as presented at the hearing, had been inadequate.

In *Bonner*, the Court of Appeals ordered a guilty plea set aside because the record was silent as to a knowing waiver of either the privilege against compulsory self–incrimination or the right of confrontation. 156 Ind.App. at 527, 297 N.E.2d at 866. As such, *Bonner* does not pertain to a trial court's determination of whether or not a defendant understands the nature of the charge against him, and accordingly, is inapplicable to the contention raised here.

We hold that the record demonstrates a sufficient basis for the trial court's determination that the petitioner understood the nature of the charge against him.

The petitioner also contends that the trial court did not inform him that his privilege against being compelled to incriminate himself extended to his trial, if any, as well as to the guilty plea hearing. The pertinent portion of the record reveals that the following exchange occurred between the judge and the petitioner:

"Q. You understand that you as an individual cannot be compelled to testify against yourself?

"A. Yes.

"Q. It's a Constitutional right that you have, and that by entering a plea of guilty you are, in fact, indirectly testifying against yourself, you understand this?

"A. Yes."

The petitioner relies upon the decision in *Beard v. State*, (1978) Ind.App., 375 N.E.2d 270, to support his position. However, the Court of Appeals set aside the guilty plea in *Beard* primarily because the petitioner had been advised of his constitutional rights only upon an occasion some seventy (70) days before the plea was made. *Id.* at 273. Here, the advisement of rights and the guilty plea were made on the same day. We also find that the trial court's advise-ment of the right not to be compelled to incriminate oneself was adequate to inform the petitioner that such right existed at the trial, as well as at the guilty plea hearing.

We find no error in the trial court's determination that the petitioner's guilty plea had been knowingly, intelligently and voluntarily made.

## ISSUE II

The petitioner next contends that the trial court erred in determining that petitioner had had adequate representation. We do not agree.

Initially, we note that a petitioner in a post conviction proceeding bears the burden of proving his claim by a preponderance of the evidence. Ind.R.P.C. 1, § 5. Moreover, a trial court's determination, against the party bearing the burden of proof, will be reversed only when the evidence is without conflict and leads unerringly to a contrary determination. *Baker v. State*, (1980) Ind., 403 N.E.2d 1069; *Roberts v. State*, (1975) 263 Ind. 53, 324 N.E.2d 265.

We also note that an attorney is presumed to have rendered competent representation; only clear and convincing evidence to the contrary will rebut the presumption. *Baker*, 403 N.E.2d at 1070; *Robertson v. State*, (1974) 262 Ind. 562, 564, 319 N.E.2d 833, 835.

The record demonstrates that counsel met with the petitioner more than ten (10) times over a four (4) month period; that counsel explained the ramifications of a guilty plea to the petitioner on three (3) occasions; that counsel filed several pretrial motions; and that he employed a private investigator, who interviewed some twenty (20) to thirty (30) witnesses.

Petitioner also asserts that his counsel's stipulation of his prior, out–of–court self–incriminating statements at the guilty plea hearing was improper, in view of his prior motion to suppress them, as having been unlawfully obtained. In a guilty plea hearing, following a negotiated plea agreement, counsel is under no obligation to construct or protect the record in anticipation of his client's subsequent disavowal of the plea.

We find no error in the trial court's determination that the representation of Petitioner at the guilty plea hearing was adequate.

### ISSUE III

■ The petitioner's final contention is that the trial court committed fundamental error by making a certain remark during the post conviction hearing. The pertinent exchange between the petitioner and the court was as follows:

"THE COURT: I'm asking you now. Did you understand when you pled guilty what these charges were against you, what the offense was about?

"MR. WATKINS: No.

"THE COURT: You didn't know if it was theft, rape or murder?

"MR. WATKINS: I didn't understand that I could get a lesser charge. I just figured if I didn't take 15 and a quarter, I'd just get a life sentence.

"THE COURT: *Well, I suppose you'd get something besides a gold watch* but did you understand the offense against you, what the charge was?"

The State correctly points out that the petitioner neither objected to the remark at trial, nor assigned error to it in the motion to correct error. The petitioner asserts that such procedures were not necessary because the remark constituted fundamental error. We cannot agree.

Although the comment was unnecessary, in context, it can only be regarded as a statement by the trial court that it rejected the petitioner's argument that he did not know that if he stood trial, he could be convicted of a lesser included offense, while being acquitted upon the charge of first degree murder. We will not presume that the comment reflected bias and prejudice of the trial judge rendering him incapable of determining the petitioner's cause in accordance with the law and the evidence.

We find no error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.