**Harry E. FERGUSON, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 683S238.**

Supreme Court of Indiana.

June 3, 1985.

Susan K. Carpenter, Public Defender, Frances Watson, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

The petitioner-appellant, Harry Ferguson, is before this Court appealing from the denial of his petition for post-conviction relief. He was convicted of attempted murder, a class A felony, I.C. §§ 35–42–1–1 and 35–41–5–1; and attempted rape, a class A felony, I.C. §§ 35–42–4–1 and 35–41–5–1. In addition, he was determined to be a habitual offender. He received a prison sentence of 110 years. His convictions were affirmed on direct appeal in *Ferguson v. State* (1980), 273 Ind. 369, 403 N.E.2d 1373.

Appellant raises two issues on appeal; (1) whether the post-conviction court erred in not finding that he was denied a fair trial; and (2) whether he was denied effective assistance of counsel.

At a post-conviction hearing the petitioner has the burden of proving his allegations by a preponderance of the evidence. The court reviewing the hearing will reverse the trial court's decision only if the evidence supporting reversal is unerring and without conflict. *Watkins v. State* (1980), 274 Ind. 280, 410 N.E.2d 1198.

I

Appellant presented the claim below that he was denied a fair trial and an impartial jury due to jury misconduct, lay witness testimony on the issue of insanity, and the trial court's denial of his motion for change of venue.

A. The issue of whether appellant was entitled to a mistrial due to jury misconduct was fully addressed by this Court on direct appeal. See *Ferguson, supra.* We held that a new trial was not required because appellant's right to an impartial jury was not diminished by the mere fact of conversations among jurors. We also held that the requirements of I.C. § 35–1–37–1, concerning the handling of jury conduct, had been met. Since this issue has been fully litigated on direct appeal, it is resjudicata at a subsequent post-conviction hearing and is not a valid topic for review. *Winston v. State* (1978), 267 Ind. 587, 372 N.E.2d 183.

B. The trial court permitted lay witnesses to give an opinion on whether appellant was suffering from a mental disease or defect. Appellant claims this was improper because the lay testimony expressed opinions on an ultimate issue of fact.

Lay witness opinion as to a defendant's sanity or insanity is permitted in Indiana under certain circumstances. As a general rule, those who are acquainted with the accused or who have had sufficient opportunity to observe his conduct, may narrate the relevant facts known to them and thereupon express an opinion as to his sanity. 31 Am.Jur.2d. Expert and Opinion Evidence § 88; *McCall v. State* (1980), 273 Ind. 682, 408 N.E.2d 1218. Moreover, the trial court may permit an

opinion on an ultimate issue of fact in an appropriate case. In exercising its discretion, the trial court should consider the nature of the issue and the offered opinion in light of all attendant circumstances of the particular case. See *Rieth-Riley Construction Company, Ind. v. McCarrell* (1975), 163 Ind.App. 613, 325 N.E.2d 844.

On direct examination, State's witness, Michael Goins, was asked this question:

From your observations of Harry Ferguson during that time, do you have an opinion as to whether or not he was suffering from a mental disease or defect such to the point that he couldn't be held responsible for his actions?

Appellant objected on the ground that the witness was not competent to respond to the question. The trial court sustained his objection because the question called for a conclusion of law on the part of the witness. Subsequently, the State rephrased its question in this manner:

From your observations of Harry that night, do you have an opinion as to whether or not he was suffering from any mental disease or defect?

■ Appellant raised the same objection to this question. However, this time the trial court overruled the objection. The trial court's action was correct because the rephrased question called for an opinion on an issue of fact. Michael Goins, and two other witnesses responded to the rephrased question by indicating that in their opinion appellant was not suffering from a mental disease or defect.

All three State's witnesses were acquainted with the appellant and had an opportunity to observe his demeanor and conduct. Consequently, the trial court did not err in allowing them to express an opinion as to whether appellant was suffering from a mental disease or defect.

C. Appellant further contends that he was denied a fair trial because his motion for change of venue was denied. He alleged that there existed a racial bias in Morgan County against him due to the fact that his wife was black. Also, he presented several newspaper articles and a recorded radio broadcast in order to demonstrate that county residents were aware that his wife was black.

■ The trial court determined that appellant was not entitled to a change of venue. Appellant has not demonstrated a pattern of deep and bitter prejudice throughout the community. Consequently, we cannot say that the trial court erred in its determination.

It is evident that no basis has been demonstrated for the claim that appellant did not have a fair trial by an impartial jury.

## II

Appellant presented the claim below that he was denied effective assistance of counsel.

It is based upon two alleged errors by counsel during the course of the criminal proceedings that allegedly indicate counsel's ineffectiveness; (1) that counsel failed to object to the trial court's denial of his motion for change of venue; and (2) that counsel failed to object to lay testimony which expressed opinion on his sanity.

These guidelines are to be followed when reviewing ineffective assistance claims.

### THE STANDARD OF COMPETENCY:

"The proper standard for attorney performance is that of reasonably effective assistance." *Strickland v. Washington* (1984), —— U.S. ——, ——, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674.

### THE PRESUMPTION OF COMPETENCY:

"Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second guess counsel's assistance, after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. Cf. *Engle v. Isaac* (1982), 456 U.S. 107, 133–134, 102 S.Ct. 1558, 1574–1575, 71 L.Ed.2d 783. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to

reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation a court must indulge a strong presumption that counsel's conduct falls with-in the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' *Strickland, supra,* 104 S.Ct. at 2065.

THE TWO PART STANDARD OF REVIEW:

"A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient-performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland, supra* at 2064.

■ Appellant's first premise is that counsel failed to present the trial court's denial of his motion for change of venue as an issue on appeal. Appellant, a white man, was married to a black woman. He desired a change of venue because he believed that he could not receive a fair trial in Morgan County due to alleged racial prejudice. The transcript of the venue hearing shows that his trial counsel entered two affidavits, media documentation, and a cassette of a radio broadcast in order to persuade the trial court to grant the motion. However, to be entitled to a change of venue from a county, the defense is required to show that jurors were unable to set aside their preconceived notions of guilt and to render a verdict based upon the evidence. *Robinson v. State* (1983), Ind., 446 N.E.2d 1287. His trial counsel pointed out in the post-conviction hearing that the trial record held little or no hope of meeting this legal standard. Furthermore, his trial counsel stated that appellant's case was not prejudiced. Counsel's performance was not deficient and appellant suffered no resulting harm.

■ Appellant's second premise is that counsel failed to object to lay testimony which expressed opinions on his sanity. As was mentioned in issue I, the lay testimony was properly admitted. Furthermore, counsel did object the first time that State's witness, Michael Goins, was asked to give an opinion. Counsel's decision not to continue objecting was sound trial strategy and was not deficient.

The trial court's denial of post-conviction relief is affirmed.

GIVAN, C.J., and PRENTICE and PIVARNIK, JJ., concur.

HUNTER, J., not participating.