**James E. McKIM, Defendant–Appellant,**

v.

**STATE of Indiana, Plaintiff–Appellee.**

**No. 19A01–8802–PC–57.**

Court of Appeals of Indiana,
First District.

June 2, 1988.

agreed to provide the documents to McKim upon advance payment for the expenses associated with copying the file. McKim thereafter filed a pro se motion with the Dubois Circuit Court requesting Thom be directed to produce any and all documents pertaining to his criminal case. McKim claimed to need the documents in order to institute post-conviction proceedings. Following a hearing, the trial court denied the motion. The trial court stated that Thom was obligated to provide the file only in the event McKim tendered advance payment for it. McKim instituted this appeal.

## ISSUE

On appeal, McKim claims the trial court erred in denying his motion to compel the production of any and all documents pertaining to his criminal case.

## DISCUSSION AND DECISION

McKim filed his motion pursuant to IND. CODE 34-1-60-10 which states in its entirety:

When an attorney, on request, refuses to deliver over money or papers to a person from whom or for whom he has received them, in the course of his professional employment, whether in an action or not, he may be required, after reasonable notice, on motion of any party aggrieved, by an order of the court in which an action, if any, was prosecuted or if no action was prosecuted, then by the order of any court of record, to do so, within a specified time, or show cause why he should not be punished for contempt.

Also relevant to this appeal is Rule 1.16(d) of the Ind.Rules of Professional Conduct which states:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as ... surrendering papers and property to which the client is entitled....

 In light of this rule we perceive that the granting of a motion to compel the production of documents which an attorney

James E. McKim, Pendleton, pro se.

Linley E. Pearson, Atty. Gen., Wendy L. Stone, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Defendant-appellant, James E. McKim (McKim), appeals a decision of the Dubois Circuit Court denying his motion seeking to compel Gerald R. Thom (Thom), an attorney who represented McKim in a prior criminal matter, to produce documents pertaining to such matter.

We reverse.

## STATEMENT OF THE FACTS

Thom was appointed by the Dubois Circuit Court to represent McKim at trial. McKim was subsequently tried and convicted of two felonies. On appeal, during which he was also represented by Thom, the supreme court affirmed McKim's convictions. 476 N.E.2d 503 (1985). Following the supreme court's decision McKim mailed a letter informing Thom that he intended to institute civil proceedings against him and requesting all the documents pertaining to his case. Thom

has received for a client in the course of his employment is not discretionary with the trial court. Upon motion by the party represented, the trial court shall require an attorney to deliver all papers he obtained pertaining to the representation to which the client is entitled. Nothing within the language of IND.CODE 34–1–60–10 indicates that the delivery of such documents is conditioned upon the pre-payment of any expenses which may be associated with preparing, copying, and mailing them to the client.

During the course of his representation, an attorney may generate and receive a vast amount and variety of documents on behalf of his client. There are certainly a number of documents within the file pertaining to the criminal prosecution to which McKim is entitled. It was within the trial court's discretion insofar as determining which documents within the file this included. We do not reach this question, however, because neither party chose to address it in their briefs.

Accordingly, for the above reasons, the decision denying the motion to compel is reversed.

JUDGMENT REVERSED.

MILLER, P.J., and ROBERTSON, J., concur.