Lloyd D. JOHNSON, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 47A04–0103–PC–112.

Court of Appeals of Indiana.

Feb. 6, 2002.

Rehearing Denied Feb. 22, 2002.

Lloyd D. Johnson, Carlisle, IN, Appellant Pro Se.

Steve Carter, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

This case is before us once again after remand from our supreme court.[1] Appellant-defendant Lloyd D. Johnson appeals the trial court's denial of his motion to compel production of documents. Specifically, Johnson contends that the trial court lacked discretion to deny his motion to produce documents from his former appellate counsel.

### FACTS

The facts most favorable to the judgment reveal that on October 4, 1999, the trial court sentenced Johnson to twenty years imprisonment for dealing in a schedule 1 controlled substance and twenty years imprisonment for conspiracy to deal

---

1. In our original opinion, we dismissed Johnson's appeal for failure to file an appendix with his appellant's brief. *Johnson v. State,* 756 N.E.2d 508, 508–09 (Ind.Ct.App.2001). Our supreme court accepted transfer and determined that in criminal appeals where the appendix is not filed or is incomplete, the proper course of action is for the appellate court to order compliance with the rules of appellate procedure "within a reasonable period of time, such as thirty days." *Johnson v. State,* 756 N.E.2d 965, 967 (Ind.2001). More stringent measures, including dismissal of the appeal, are then appropriate if the appellant inexcusably fails to comply with the appellate court order. *Id.*

We also note that in its published order, our supreme court suggested that the denial of Johnson's motion to compel may not be a final appealable order. *Id.* at 966. However, Johnson filed his motion to compel pursuant to IND.CODE § 33–21–1–9. In *Smith v. State,* 426 N.E.2d 402, 404 (Ind.1981), our supreme court determined that the denial of a motion to compel documents brought pursuant to this statute is a final appealable order.

in a schedule 1 controlled substance, to be served consecutively. On appeal, this court affirmed Johnson's conviction for dealing but reversed his conviction for conspiracy. *See Johnson v. State,* No. 47A01–9911–CR 384, 737 N.E.2d 1241 (Ind.Ct.App. Oct. 27, 2000). On January 13, 2001, Johnson filed a motion to compel production of documents from his former appellate counsel in order to institute post-conviction proceedings. The trial court denied Johnson's motion on January 18, 2001. Johnson now appeals.

### DISCUSSION AND DECISION

Johnson contends that the trial court erred in denying his motion to produce documents. According to Johnson, the trial court lacked discretion to deny his motion to produce documents from his former appellate counsel to allow him to institute post-conviction proceedings.

We note that Johnson filed his motion pursuant to I.C. § 33–21–1–9, which provides in relevant part:

> When an attorney, on request, refuses to deliver over ... papers to a person from whom or for whom he has received them, in the course of his professional employment, whether in an action or not, he may be required, after reasonable notice, on motion of any party aggrieved, by an order of the court in which an action, if any, was prosecuted ... to do so, within a specified time, or show cause why he should not be punished for contempt.

Also relevant to this appeal is Ind.Professional Conduct Rule 1.16(d), which states:

> Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as ... surrendering papers and property to which the client is entitled....

In *McKim v. State,* 528 N.E.2d 484, 485–86 (Ind.Ct.App.1988), this court determined that in light of Prof.Cond.R. 1.16(d), "the granting of a motion to compel the production of documents which an attorney has received for a client in the course of his employment is not discretionary with the trial court." Thus, "[u]pon motion by the party represented, the trial court shall require an attorney to deliver all papers he obtained pertaining to the representation to which the client is entitled." *Id.* at 486.

Accordingly, the trial court erred in denying Johnson's motion to compel production of documents from his former appellate counsel. We, therefore, reverse and remand to the trial court with instructions that it grant Johnson's motion to compel with respect to those documents that Johnson may be entitled to receive. It may also be appropriate for the trial court to hold a hearing to determine whether the attorney actually possesses any documents not previously provided to Johnson.

Judgment reversed and remanded for proceedings consistent with this opinion.

NAJAM, J., and MATTINGLY–MAY, J., concur.