Harry E. **FERGUSON**, Appellant– Petitioner,

v.

**STATE** of Indiana, Appellee– Respondent.

No. 55A05–0204–CR–187.

Court of Appeals of Indiana.

Aug. 23, 2002.

---

Harry E. Ferguson, Carlisle, IN, appellant, pro se.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

*Pro-se* Appellant–Petitioner, Harry Ferguson (Ferguson), appeals the trial court's order denying his Motion to Compel Counsel to Deliver over Money and Papers.

We reverse and remand for proceedings consistent with this opinion.

### ISSUE

Ferguson presents one (1) issue for our review: whether the trial court properly denied his Motion to Compel Counsel to Deliver over Money and Papers.

### FACTS AND PROCEDURAL HISTORY

In 1980, Ferguson's convictions for attempted murder, a Class A felony, attempted rape, a Class A felony, and his adjudication as a habitual offender were affirmed on direct appeal by our supreme court. *See Ferguson v. State*, 273 Ind. 369, 403 N.E.2d 1373 (1980). As a result, Ferguson was to serve consecutive forty (40) year sentences on each count and an additional thirty (30) years for his habitual offender status. *Id.* at 1374. Ferguson subsequently filed a petition for post-conviction relief, which was denied and affirmed on appeal. *See Ferguson v. State*, 478 N.E.2d 673 (Ind.1985).

In September 1994, Ferguson filed a Motion to Correct Erroneous Sentence, which was granted on January 26, 1995. The trial court ordered that "Ferguson's sentence be corrected by the issuance of an Amended Abstract of Judgment, ordering the habitual offender count be dismissed and petitioner's sentence be reduced by thirty (30) years." (Appellant's App. p. 7).

Sometime thereafter, Ferguson retained an attorney allegedly to assist him in attempting to have his sentence reduced to forty (40) years imprisonment or modified such that he would serve his sentences concurrently. On January 24, 2002, Ferguson, believing he had not received the requested assistance from his attorney, wrote to him, asking him to return the unearned portion of the $1500.00 retainer he had previously paid or to pursue the sentence modification. On January 27, 2002, the attorney responded to Ferguson by letter as follows:

Thank you for your letter that I received this weekend. August 22, 2000, I wrote you and quoted you a fee of $1500 to obtain your transcript and your file, review your paperwork, and advise you as to whether you could file a successive PCR. December 8, 2000, your brother paid those fees, after which I obtained your transcript and, after several conversations with your public defender, finally obtained her file. April 18, 2001, I wrote you a detailed letter with my findings, and included a complete copy of your entire file so you would have it for your records. You also should have all of my letters that I have mentioned in this letter.

9 months after my letter of April 18, where I explained that I did not think we could succeed with a 2nd PCR, you have written me asking for a refund of your fees. While I certainly understand your frustration with my opinion that I could do nothing further on your behalf (or, put more precisely, that I did not think that there was the slightest chance that the court would grant a 2nd PCR and that, therefore, I would not take your money to file it), you are not entitled to a refund of anything. I did exactly what you paid me to do, and you knew exactly what my fee was for doing it.

(Appellant's App. p. 12).

On March 13, 2002, Ferguson filed a *pro-se* Motion to Compel Counsel to Deliver over Money and Papers pursuant to Ind.Code § 33–21–1–9. In his motion, Ferguson alleged that he had hired the attorney "to attempt to have the herein sentences modified to 40–years or attempt to obtain concurrent sentencing" even though the attorney claimed that he was retained to advise Ferguson concerning the feasibility of filing a successive petition for post-conviction relief. (Appellant's App. p. 9). Ferguson further alleged that the attorney admitted in the January 27, 2002 letter that he was retained to obtain the transcript and the file. Thus, Ferguson sought to recover what he believed was an unearned portion of the $1500.00 retainer fee and the transcript. The following day Ferguson's motion was denied by the trial court without hearing. Ferguson now appeals.

## DISCUSSION AND DECISION

■ Ferguson contends that the trial court erroneously denied his motion to compel counsel to deliver over the unearned portion of the retainer fee and the transcript. Specifically, Ferguson contends that under the precedent of *McKim v. State*, 528 N.E.2d 484 (Ind.Ct.App.1988) and *Johnson v. State*, 762 N.E.2d 222 (Ind. Ct.App.2002), *reh'g denied*, a trial court, upon being presented with a motion to compel the production of documents, is required to order an attorney to turn over all papers to which a client is entitled.

In the leading case of *McKim*, the defendant filed a motion to compel the production of documents pursuant to I.C. § 34–1–60–10, now I.C. § 33–21–1–9, after his attorney refused to turn over papers without payment from the defendant for

copying expenses. *McKim*, 528 N.E.2d at 485. The trial court denied the motion and the defendant appealed. *Id.* This court reversed the trial court's ruling, concluding that the trial court lacked discretion to deny the motion.

In reaching its decision, this court first examined the statute on which the defendant based his motion. That statute provides as follows:

> When an attorney, on request, refuses to deliver over money or papers to a person from whom or for whom he has received them, in the course of his professional employment, whether in an action or not, he may be required, after reasonable notice, on motion of any party aggrieved, by an order of the court in which an action, if any, was prosecuted or if no action was prosecuted, then by the order of any court of record, to do so, within a specified time, or show cause why he should not be punished for contempt.

I.C. § 33–21–1–9. The *McKim* court then found that "[i]n light of [Ind. Professional Conduct Rule 1.16(d) which requires a lawyer to surrender papers and property to which the client is entitled][1] . . . the granting of a motion to compel the production of documents which an attorney has received for a client in the course of his employment is not discretionary with the trial court." *McKim*, 528 N.E.2d at 485–86. The court concluded that "[u]pon motion by the party represented, the trial court shall require an attorney to deliver all papers he obtained pertaining to the rep-

resentation to which the client is entitled." *Id.* at 486. The *Johnson* court followed the *McKim* court's holding and too found that the trial court erred in denying the defendant's motion to compel the production of documents. *See Johnson*, 762 N.E.2d at 223.

In this case, Ferguson based his motion upon the same statutory provision discussed in *McKim* and *Johnson*. However, in addition to requesting the production of documents,[2] as did the defendants in *McKim* and *Johnson*, Ferguson also requested the "unearned portion of [his] money," specifically the $1500.00 retainer fee. (Appellant's App. p. 9). Nevertheless, both the statute and the professional rule of conduct discussed in the cases above provide relief to a defendant when an attorney fails to deliver either documents or money. *See* I.C. § 33–21–1–9 ("When an attorney . . . refuses to deliver over *money or papers* . . . he may be required . . . to do so . . . .") (emphasis added); Prof. Cond. R. 1.16(d) ("Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as . . . *surrendering papers* and property to which the client is entitled and *refunding any advance payment of fee* that has not been earned.") (emphasis added). Thus, for the same reasons cited in *McKim* and *Johnson*, we conclude that the trial court lacked discretion to deny Ferguson's request for the transcript and the unearned portion of the retainer fee.

1. Indiana Prof. Cond. R. 1.16(d) specifically provides that "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law."

2. In his motion to compel, Ferguson did not request the file obtained by the attorney but only the transcript. *See* Appellant's App. pp. 8–9.

Nevertheless, upon remand a hearing will be necessary. In *Smith v. State*, 426 N.E.2d 402, 404 (Ind.1981), our supreme court stated that when a motion to compel delivery of money or papers is presented, the trial court should provide reasonable notice to the attorney, hold a hearing on the matter, and then rule on the motion. Here, the purpose of the hearing would be two-fold. First, a hearing would enable the trial court to determine whether the transcript has yet to be turned over to Ferguson. *See Johnson*, 762 N.E.2d at 223 (noting that while the trial court erred by denying defendant's motion to compel production of documents and was required to grant the defendant's motion "with respect to those documents that [the defendant] may be entitled to receive[,] [i]t may also be appropriate for the trial court to hold a hearing to determine whether the attorney actually possesses any documents not previously provided to [the defendant]."). In addition, a hearing would aid the trial court in determining what portion of the retainer fee, if any, the defendant is entitled to. *See* Prof. Cond. R. 1.16(d) (requiring the refund of an advance payment of fee "that has not been earned."). In this case, it appears that the attorney believes that Ferguson is "not entitled to a refund of anything" because, according to the attorney, he completed everything he was hired to do by obtaining the transcript and the file, reviewing the paperwork, and making a determination concerning the feasibility of a successive PCR. (Appellant's App. p. 12). To the contrary, it appears Ferguson believes that the attorney did not earn all of his retainer fee because the attorney failed to "attempt to have [his] sentence modified to 40-years or attempt to obtain concurrent sentencing in [his] behalf." (Appellant's App. p. 11). These matters should be determined on remand.

## CONCLUSION

Based on the foregoing, we conclude that the trial court erred by denying Ferguson's Motion to Compel Counsel to Deliver over Money and Papers. However, a hearing will be necessary to determine the necessity of delivering the transcript and the amount of unearned fees, if any.

Reversed and remanded for proceedings consistent with this opinion.

ROBB, J., and MATTINGLY–MAY, J., concur.