**Wendell IDDINGS, Appellant–Petitioner,**

v.

**Darran T. COLE, Appellee–Respondent.**

**No. 06A01–0710–CV–468.**

Court of Appeals of Indiana.

June 13, 2008.

Wendell Iddings, Carlisle, IN, pro se.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

■ Wendell Iddings, *pro se,* appeals the denial of his motion to compel his former counsel, Darran T. Cole,[1] to deliver over money.

We affirm.

### ISSUE

Whether the trial court properly denied Iddings' motion to compel counsel to deliver over money.

### FACTS

We adopt the statement of facts set forth in this court's memorandum decision in *Iddings v. State,* No. 06A04–0606–CR–305, slip op. at 2, 855 N.E.2d 1081 (Ind.Ct. App. Oct.20, 2006), which reads as follows:

In 2000, Iddings hired attorney Darren Todd Cole to represent him in a criminal matter and paid Cole a retainer and investigative fee. Cole withdrew his appearance prior to trial and another attorney represented Iddings at trial. Iddings was convicted. We affirmed his conviction and sentence. *Iddings v. State,* 772 N.E.2d 1006 (Ind.Ct.App. 2002), *trans. denied* 783 N.E.2d 700 (Ind.2002).

In 2006, Iddings wrote Cole and requested his money be returned. Cole declined, asserting he had earned the fee. Iddings then filed a motion to com-

pel Cole to return the unearned portion of the retainer and investigative fee under Ind.Code § 33–4[3]–1–9, which provides:

If, on request, an attorney refuses to deliver over money or papers to a person from whom or for whom the attorney has received them, in the course of the attorney's professional employment, the attorney may be required, after reasonable notice, on motion of any party aggrieved, by an order of the court in which an action, if any, was prosecuted or if an action was not prosecuted, by the order of any court of record, to deliver the money or papers within a specified time, or show cause why the attorney should not be punished for contempt.

The trial court determined Iddings' motion "should be and therefore is summarily denied."

Citing to *Ferguson v. State,* 773 N.E.2d 877 (Ind.Ct.App.2002), this court held that "a trial court does not have the discretion to summarily deny a request for the unearned portion of a retainer fee." *Iddings,* No. 06A04–0606–CR–305, slip op. at 3. Accordingly, this court reversed the trial court's denial of Iddings' motion and remanded with instructions to hold a hearing "to determine what portion of the retainer fee, if any, Iddings is entitled to have refunded." *Id.*

On remand, the trial court held a hearing on Iddings' motion on July 19, 2007. The trial court took judicial notice of an invoice and receipts from Cole's office, showing Cole received funds in the amount

---

1. Cole has not filed a brief. "[W]e do not undertake the burden of developing arguments for the appellee." *Damon Corp. v. Estes,* 750 N.E.2d 891, 892–93 (Ind.Ct.App. 2001). In such cases, we apply a less strin-

gent standard of review with respect to demonstrating reversible error; accordingly, we will reverse if the appellant establishes *prima facie* error. *Id.* at 893.

of $4,300.00 [2] from Iddings' then-wife. The trial court also took judicial notice of a letter from Cole to Iddings, dated May 31, 2000, advising Iddings that his fee is $150.00 per hour.

During the hearing, Iddings testified that Cole had asked him not to testify against an alleged client of Cole. Iddings argued that Cole "should have not been allowed to accept [his] money to represent [him] due to the conflict of interest...." (Tr. 9). Iddings also alleged that Cole violated the attorney-client privilege and failed to inform him of a plea offer from the State.

Cole testified that he no longer had Iddings' file; he, however, did not recall a conflict of interest, but if "[he] believed there was a conflict of interest, [he] would have made [Iddings] aware of it and the trial court aware of it." (Tr. 39). Cole further testified that he had informed Iddings of the State's plea offer.

Regarding work performed on behalf of Iddings, Cole testified that he visited Iddings in jail "at least four or five times ... at least an hour a piece...." (Tr. 39). Cole also testified that he represented Iddings at a suppression hearing, which "lasted all day long—more than eight hours, probably nine hours long." (Tr. 39). Cole further testified that he "interviewed over seven witnesses" in preparing for the suppression hearing. (Tr. 39). Cole opined that he had "well over thirty-five (35) hours in [Iddings'] case." (Tr. 40). Cole also testified that he paid an investigator for "prep work for that Motion to Suppress and ... some process serving." (Tr. 39). Finally, Cole testified that he

withdrew as Iddings' counsel after Iddings threatened him.[3]

The trial court took judicial notice of the chronological case summary (the "CCS") created during Iddings' criminal case. According to the CCS, Cole filed an appearance on June 6, 2000. The CCS shows that Cole subsequently filed several motions on behalf of Iddings, including a motion to suppress filed on August 16, 2000.[4] The CCS also reflects that Cole represented Iddings at a suppression hearing held on October 4, 2000.

On August 17, 2007, the trial court entered its order, finding, in pertinent part, as follows:

> Although Mr. Cole failed to provide detailed billing records which would have been helpful to the court, he testified credibly that the number of hours he worked on the case justified the fees that Mr. Iddings paid. The Court finds that he likely earned the $3800.00 that was paid to him based upon the number of hours up to the time he withdrew. Mr. Iddings has not shown that the terms of the agreement between him and Mr. Cole call for Mr. Cole to return all money to him because he did not represent him through trial.

(App.97). Accordingly, the trial court denied Iddings' motion to compel counsel to deliver over money.

### DECISION

Iddings asserts that the trial court erred in denying his motion to compel. Specifically, Iddings argues that "[t]he trial court's determination that no portion of

---

**2.** This amount included a $500 fee for a private investigator.

**3.** The trial court entered its order, allowing Cole's withdrawal, on November 2, 2000.

**4.** The CCS reveals that Cole also filed a motion to reveal agreements entered into between the State and prosecution witnesses; a request for an order compelling discovery and production; three deposition notices; a motion to produce Iddings for depositions; and a motion to sever charges.

money paid by Iddings to Mr. Cole is due to be returned is not supported by the evidence ...."[5] Iddings' Br. at 4.

Once again, Indiana Code section 33–43–1–9 provides as follows:

> If, on request, an attorney refuses to deliver over money or papers to a person from whom or for whom the attorney has received them, in the course of the attorney's professional employment, the attorney may be required, after reasonable notice, on motion of any party aggrieved, by an order of the court in which an action, if any, was prosecuted or if an action was not prosecuted, by the order of any court of record, to deliver the money or papers within a specified time, or show cause why the attorney should not be punished for contempt.

Indiana Professional Conduct Rule 1.16(d) provides, in pertinent part, that "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as ... refunding any advance payment of fee or expense *that has not been earned or incurred.*" (Emphasis added). Thus, both Indiana Code section 33–43–1–9 and Professional Conduct Rule 1.16(d) "provide relief to a defendant when an attorney fails to deliver ... money." *Ferguson,* 773 N.E.2d at 880. A hearing, however, is necessary to determine to what portion, if any, of the advanced fee or expense the client is entitled. *See id.* at 881.

Here, the trial court heard testimony and without objection took judicial notice of pleadings, filings and other court documents. Iddings testified, and Cole did not dispute, that Iddings' then-wife paid

Cole $3,800.00; furthermore, Iddings' then-wife paid $500 to hire an investigator.

Cole testified that he spent approximately five hours in meetings with Iddings and nine hours representing Iddings during a suppression hearing. Cole also testified that he "had another full day of ... interviewing" (Tr. 53) "over seven witnesses" (Tr. 39) in preparation for the suppression hearing. The CCS also showed that during Cole's representation of Iddings, a motion to suppress, a motion to sever charges and several notices and requests for production were filed on Iddings' behalf. Cole estimated that he spent thirty-five hours working on Iddings' case. Finally, Cole testified that the fee for the investigator was paid to Dan Bewley, an investigator from Boone County. Given the evidence presented, we cannot say that the trial court erred in finding that Iddings was not entitled to any portion of the money paid to Cole.

Affirmed.

NAJAM, J., and BROWN, J., concur.

---

**5.** On appeal, Iddings raises no issue regarding Cole's alleged conflict of interest or Cole's

purported failure to inform Iddings of a plea offer.