**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPPELLANT PRO SE:

**AARON ISBY**
Carlisle, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| AARON ISBY, | ) | |
| | ) | |
| Appellant- Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A02-1107-CR-774 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee- Plaintiff, | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Rudolph R. Pyle, III, Judge
Cause No. 48C01-9011-CF-139

**March 30, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

<u>Case Summary and Issues</u>

Aaron Isby was convicted in 1992 of two counts of attempted murder, Class A felonies, and battery, a Class A misdemeanor. His convictions and sentence were affirmed on appeal, and a subsequently-filed petition for post-conviction relief was granted in part and denied in part. On appeal once again, this court affirmed the post-conviction court's partial denial of his petition. In an effort to eventually pursue post-conviction relief a second time, in 2011 Isby filed a motion to compel his original trial counsel to produce all documents relating to his 1992 trial and a motion for copies of his preliminary hearing transcript and the transcripts of three depositions taken leading up to his 1992 trial. The trial court denied his motions in June 2011. Isby raises two issues for our review, which we restate as whether the trial court erred in denying either of Isby's motions. Concluding the trial court did not err in denying either motion, we affirm.

<u>Facts and Procedural History</u>

In 1991 Isby was arrested and charged with battery and multiple counts of attempted murder.[1] John R. Walsh, a public defender, was appointed to represent Isby. Walsh represented Isby throughout the pre-trial process and ultimately in a jury trial in late-1992. Isby was convicted of two counts of attempted murder, both Class A felonies, and battery, a Class A misdemeanor. At the conclusion of the jury trial, the court appointed William McCarty to act as Isby's appellate counsel. Soon thereafter, McCarty withdrew and the court appointed Montague Oliver to represent Isby on appeal. The record indicates Isby was given a free copy of his entire file by the trial court to assist in

---

[1] The exact charging information is absent from the record produced by Isby in this appeal.

his appeal. In 1995, Isby's convictions were affirmed by this court on direct appeal. <u>Isby v. State</u>, No. 48A02-9402-CR-58 (Ind. Ct. App., April 6, 1995).

In 1996, Isby filed a petition for post-conviction relief pro se, and John Ribble subsequently appeared as Isby's attorney of record. In 1999, Ribble withdrew. Isby, again acting pro se, amended his petition for post-conviction relief. A hearing occurred on his petition in 2001, and the post-conviction court granted Isby's petition in part and denied it in part, changing his battery conviction from a Class A to a Class B misdemeanor and reducing his sentence for battery from one year to six months. Isby appealed the post-conviction court's partial denial of his petition, and in September 2002, this court affirmed the post-conviction court. <u>Isby v. State</u>, No. 48A02-0203-PC-216, 774 N.E.2d 610 (table) (Ind. Ct. App., Sept. 6, 2002).

In December 2002, Isby filed a motion to compel counsel to produce all documents pertaining to his case. In July 2003, Isby filed a second motion to compel counsel to produce all documents pertaining to his case. The trial court did not rule on Isby's motions to compel, and in January 2007 he moved the court to make a ruling thereon. The trial court thereafter denied his motion to compel.

In 2004, Isby moved the court for copies of documents related to the selection of the jury pool at his jury trial. Approximately two weeks later, the court denied his motion for copies of documents related to jury selection because, due to the passage of time, the documents Isby requested were not retained by the court.

In June 2011, Isby once again moved to compel Walsh to produce all documents pertaining to Isby. He also filed a motion for transcripts of his preliminary hearing in

1991 and for depositions taken in 1991 in preparation for trial. The trial court denied both motions. Isby now appeals pro se.

Discussion and Decision[2]

### I. Motion to Compel

Isby argues the trial court erred in denying his motion to compel Walsh to turn over documents from the 1992 trial. Isby cites to McKim v. State, 528 N.E.2d 484, 485-86 (Ind. Ct. App. 1988) and Ferguson v. State, 773 N.E.2d 877, 881 (Ind. Ct. App. 2002), for support. In McKim, the defendant was convicted sometime during or after 1982 and, on appeal, our supreme court affirmed his convictions in 1985.[3] 528 N.E.2d at 485 (citing McKim v. State, 476 N.E.2d 503 (Ind. 1985)). Shortly thereafter, the defendant sent his trial and appellate counsel a letter requesting all documents pertaining to his case and filed a pro se motion requesting his counsel be directed to produce such documents. Id. In Ferguson, the defendant hired an attorney in 2000 to pursue post-conviction relief. 773 N.E.2d at 879. Unsatisfied with his representation, in 2002 the defendant filed a pro se motion to compel the attorney to deliver documents pertaining to his case and attorney's fees paid. Id. In McKim, we concluded that when a party files a motion to compel his attorney to turn over his case file, pursuant to Indiana Code section 34-1-60-10 (the prior version of Ind. Code § 33-43-1-9) and Rule 1.16(d) of the Indiana Rules of Professional Conduct, the trial court is required to compel the attorney to deliver all

---

[2] Isby's motion to compel the production of case documents and motion for copies of transcripts from his 1991 preliminary hearing and depositions of certain individuals do not involve the State of Indiana, and the State has chosen not to participate in this appeal. We acknowledge Isby's right to appeal pro se, however, we also point out that appellants proceeding without an attorney are not excused from following procedural rules. Wright v. Elston, 701 N.E.2d 1227, 1231 (Ind. Ct. App. 1998), trans. denied. "A litigant who chooses to proceed pro se will be held to the same established rules of procedure as trained legal counsel." Id.

[3] Neither appellate opinion references the timing of McKim's convictions, but his criminal conduct occurred in late-1982. It is therefore deducible he was convicted in 1982 or after.

4

papers obtained pertaining to the representation of the client to which the client is entitled.  528 N.E.2d at 485-86.  In <u>Ferguson</u>, we reiterated the conclusion of <u>McKim</u> and applied it to both the production of documents and any unearned attorney's fees.  773 N.E.2d at 880-81.

While we acknowledge the validity of our prior conclusions in <u>McKim</u> and <u>Ferguson</u>, this case presents dramatically different circumstances.  Walsh's representation of Isby began in 1991 when Isby was initially charged and concluded in 1992 after Isby was tried to a jury and convicted.  After Walsh ceased representing Isby, Isby filed a direct appeal with different counsel.  His convictions were affirmed, and he thereafter petitioned for post-conviction relief and yet another attorney represented Isby for a period of time until that attorney withdrew.  In 2011, Isby requested the trial court compel the production of documents regarding his initial trial from almost twenty years earlier from an attorney the record reveals has had no relationship or communication with Isby for the same period of time.  Further, since his trial Isby has had two attorneys of record represent him in multiple challenges to his original convictions and sentencing.  Isby has presented nothing to suggest that Walsh, who now lives in Florida, still has the twenty-year-old file, and his appellate and collateral challenges since 1992 under the guidance of different attorneys suggest his file would not be in Walsh's possession.  Due to the long passage of time and the variety of legal representation in challenges to Isby's original convictions and sentencing, we conclude the trial court did not err in denying Isby's motion to compel his former counsel to produce documents pertaining to his 1992 trial.

## II. Motion for Transcript and Depositions

Isby next argues the trial court erred by denying his motion requesting copies of his preliminary hearing transcript and the depositions of Douglas Darby, William Lane, and Michael Watson, all of which occurred leading up to his 1992 jury trial. Isby contends he has an absolute right to copies of the documents he requested pursuant to his equal protection and due process rights, citing Lane v. Brown, 372 U.S. 477 (1963) and Rush v. United States, 559 F.2d 455 (7th Cir. 1977), for support.

In Lane, the defendant, an indigent, was convicted and sentenced to death. 372 U.S. at 477. The defendant was denied a writ of error coram nobis. The denial was expressly appealable in Indiana, but we required that a transcript be filed in order to confer jurisdiction upon the court to hear such an appeal. Id. at 480. However, pursuant to our then-enacted Public Defender Act, only the Public Defender could procure a transcript of a coram nobis hearing for an indigent. Id. at 481. An indigent could not procure the transcript himself and appeal pro se, nor could he secure the appointment of another lawyer to get the transcript and prosecute the appeal. Id. The resulting circumstance was that an indigent could, at the will of the Public Defender, be entirely cut off from any appeal at all. Id. The Supreme Court, noting that destitute defendants must be afforded as adequate appellate review as defendants who have enough money to buy transcripts, concluded the defendant was denied equal protection of the law. Id. at 485.

In Rush, the defendants were convicted of various federal crimes after attempting to escape from prison. 559 F.2d at 456. They appealed and their convictions were affirmed in part and reversed in part. Id. (citing 500 F.2d 1405 (7th Cir. 1974) (Table)).

6

A transcript of the trial was generated for use on the direct appeal, and, following the termination of appellate proceedings, the transcript and record were returned to the district court. Id. Thereafter, the defendants filed a motion requesting a copy of the case record at the government's expense so that they could pursue a collateral attack upon their convictions, and the district court denied the motion. Id. The circuit court noted case law establishing that prisoners have a substantive constitutional right of access to the courts that must be adequate, effective, and meaningful, and concluded that the defendants were denied that level of access to the courts because they could not properly pursue collateral relief without the record. Id. at 458-59.

Isby does not contend, nor does the record support, that a situation giving rise to equal protection concerns like that found in Lane is present here. It is not the case that a transcript is required to be filed in order for Isby to seek post-conviction relief for a second time. Nor is it the case that his file could only be retrieved by a public defender. Further, we conclude his access to the courts has been adequate, effective, and meaningful. He has already directly appealed and sought post-conviction relief, both times at least partially under the advisement of legal counsel, and he had his sentence shortened by the post-conviction court. When he appealed in 1993, the record indicates he was given a copy of his entire file by the trial court. He presents nothing on appeal suggesting that the prior copy was incomplete. Further, he does not in any way indicate that the documents he seeks are still in the trial court's possession after a lengthy passage of time of approximately twenty years. This is especially important here, where the trial court denied his 2004 motion for copies of jury selection documents from his 1992 trial because they were not retained by the court due to the lengthy passage of time. We

therefore conclude the trial court did not err in denying his motion for transcripts of his preliminary hearing and copies of certain depositions because his constitutional rights were not violated.

## Conclusion

The trial court did not err by denying Isby's motion to compel his former counsel to produce documents pertaining to Isby's 1992 trial nor by denying his motion for copies of his preliminary hearing transcript and depositions of certain individuals associated with his 1992 trial. We therefore affirm.

Affirmed.

NAJAM, J., and VAIDIK, J., concur.