## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 30 2015, 9:51 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

James D. Huffman
Carlisle, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| James D. Huffman, <br> *Appellant-Petitioner,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Respondent* | March 30, 2015 <br><br> Court of Appeals Case No. <br> 49A04-1409-CR-443 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Jeffrey L. Marchal, Commissioner <br><br> Cause No. 49G06-0302-MR-026239 |

**Mathias, Judge.**

[1] James D. Huffman ("Huffman"), pro se, filed a motion in Marion Superior Court requesting that the trial court order his former trial counsel to produce certain documents from criminal proceedings, which resulted in his conviction for murder. The trial court denied the motion. Huffman appeals and argues that the trial court was required to grant his motion pursuant to Indiana Code section 33-43-1-9.

[2] We affirm.

## Facts and Procedural History

[3] In 2003, Huffman pleaded guilty in Marion Superior Court to murdering his former girlfriend and her new boyfriend. He was ordered to serve an aggregate sentence of 130 years in the Department of Correction. Huffman's sentence was affirmed on direct appeal. *See Huffman v. State*, 825 N.E.2d 1274 (Ind. Ct. App. 2005), *trans. denied*.

[4] On some date prior to June 13, 2008, Huffman requested certain documents from the Marion County Public Defender Agency's case file. Huffman received a letter dated June 13, 2008, from the Public Defender with copies of the requested documents. The letter also informed Huffman that he had all of the documents from the Public Defender's file. Appellant's App. p. 7.

[5] On December 18, 2013, Huffman requested certain documents from the Marion County Prosecutor's Office. The Prosecutor's Office denied Huffman's request and stated: "The items that you have requested from 49G06-0302-MR-026239 were previously provided to you via your defense counsel, David Shircliff, while the case was pending. The Marion County Prosecutor's Office is not required to nor will it provide copies of these documents to you again." *Id*. at 8.

[6] On August 26, 2014, Huffman filed a pro se "Motion to Order Counsel to Produce Specific Documents from Attorney File." Huffman acknowledged that the Public Defender had produced certain requested documents but stated that he had not received: 1) the search warrant for the Yucatan Drive property, 2)

his arrest warrant, 3) transcripts or audio of a recorded call with Eric Murphy, 4) crime lab video, 5) 911 transcripts or audio of a recorded call on February 14, 2003, and 6) records for phone number 317-786-5240.

[7] The certificate of service states that Huffman's motion was only served on the Marion County Prosecutor's Office. Huffman's motion was denied the same day it was filed. Huffman appeals pro se.[1]

## Discussion and Decision

Citing Indiana Code section 33-43-1-9[2] and *Johnson v. State*, 762 N.E.2d 222 (Ind. Ct. App. 2002), Huffman argues that the trial court lacked discretion to deny his motion. Indiana Code section 33-43-1-9 provides:

> If, on request, an attorney refuses to deliver over money or papers to a person from whom or for whom the attorney has received them, in the course of the attorney's professional employment, the attorney may be required, after reasonable notice, on motion of any party aggrieved, by an order of the court in which an action, if any, was prosecuted or if an action was not prosecuted, by the order of any court of record, to deliver the money or papers within a specified time, or show cause why the attorney should not be punished for contempt.

*See also Johnson*, 762 N.E.2d at 223 (concluding that the trial court erred when it denied the defendant's motion to compel production of documents from his former appellate counsel); Ind. Prof. Cond. R. 1.16(d).

---

[1] Huffman identified the State of Indiana as the Appellee in this case. The Attorney General filed a Notice of Non-Involvement asserting that it is a stranger to the issues presented in this appeal.

[2] Indiana Code section 33-43-1-9 was formerly codified at Indiana Code section 33-21-1-9.

[8] Huffman correctly cites to the applicable statute and case law to support his argument. However, after reviewing his motion to compel, we conclude that Huffman failed to serve his former counsel, i.e., the Marion County Public Defender Agency, with a copy of his motion. *See* Appellant's App. pp. 3-6.

[9] We therefore affirm the trial court's denial of Huffman's motion to compel. *See* Ind. Trial Rule 4(A) ("The court acquires jurisdiction over a party or person who under these rules commences or joins in the action, **is served with summons** or enters an appearance, or who is subjected to the power of the court under any other law") (emphasis added); *see also Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied* (citing *Wright v. State*, 772 N.E.2d 449, 463 (Ind. Ct. App. 2002)) (stating that pro se litigants are held to the same standard as trained counsel, and must follow all procedural rules).

[10] Affirmed.

May, J., and Robb, J., concur.