**Lloyd D. JOHNSON, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 47A04–0103–PC–112.

Court of Appeals of Indiana.

July 23, 2001.

Publication Ordered Sept. 4, 2001.

Transfer Granted October 22, 2001.

Lloyd D. Johnson, Carlisle, IN, Appellant Pro Se.

Steve Carter, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant Lloyd D. Johnson appeals the trial court's denial of his motion to compel production of documents. Specifically, Johnson contends that the trial court improperly denied his motion because the trial judge was prejudiced against him.

### FACTS

The facts most favorable to the judgment reveal that on October 4, 1999, the trial court sentenced Johnson to twenty years imprisonment for dealing in a schedule 1 controlled substance and twenty years imprisonment for conspiracy to deal in a schedule 1 controlled substance, to be served consecutively. On appeal, this court affirmed Johnson's conviction for dealing but reversed his conviction for conspiracy. *See Johnson v. State*, 737 N.E.2d 1241 (Ind.Ct.App.2000). On January 13, 2001, Johnson filed a motion to compel production of documents from his former appellate counsel in order to institute post-conviction proceedings. The trial court denied Johnson's motion on January 18, 2001. Johnson now appeals.

### DISCUSSION AND DECISION

We need not address Johnson's claims on the merits because he has failed to file an Appendix with his appellant's brief. Indiana Appellate Rule 49(A) mandates

that "[t]he Appellant shall file its Appendix with its appellant's brief." Indiana Appellate Rule 50(B)(1) provides that the Appendix shall contain, among other things:

(a) the Clerk's record, including the chronological case summary;

(b) the portion of the Transcript that contains the rationale of the decision and any colloquy related thereto, if and to the extent the brief challenges any oral ruling or statement of the decision;

(c) a verification of accuracy by the attorney or unrepresented party filing the Appendix.

The documents contained in the Appendix are necessary for the appellee to prepare a responsive brief and to facilitate appellate review of the merits of the appellant's claim. Because Johnson has failed to comply with the appellate rules and file an Appendix with his brief, his appeal is dismissed.

BAILEY, J., and MATHIAS, J., concur.

## ORDER

This Court having heretofore handed down its opinion in this appeal on July 23, 2001, marked Memorandum Decision, Not for Publication:

Comes now the Appellee, by counsel, and files herein its Motion to Publish Memorandum Decision, alleging that the decision establishes a new rule of law. The Court's decision, for the first time, establishes that under Indiana Appellate Rule 49 an appeal may be dismissed for a party's failure to file an appendix. And therefore respectfully requests that this Court's decision in this case be published, which said Motion is in the following words and figures, to-wit:

(H.I.)

And the Court, having examined said Motion and being duly advised, now finds

that the same should be granted and that this Court's opinion in this appeal should now be ordered published.

IT IS FURTHER ORDERED as follows:

1. The Appellee's Motion to Publish Memorandum Decision is granted and this Court's opinion heretofore handed down in this cause on July 23, 2001, marked Memorandum Decision, Not for Publication, is now ordered published.