Lloyd JOHNSON, Appellant,

v.

STATE of Indiana, Appellee.

No. 47S04–0110–PC–478.

Supreme Court of Indiana.

Oct. 22, 2001.

## PUBLISHED ORDER

RANDALL T. SHEPARD, Chief Justice.

The appellant herein, Lloyd Johnson, was given two consecutive twenty-year sentences of imprisonment for dealing in a controlled substance and for conspiracy to deal in a controlled substance. On appeal, the conspiracy conviction was reversed. *Johnson v. State*, Cause No. 47A01–9911–CR–384, 737 N.E.2d 1241 (*Memo Dec.* Ind. Ct.App., October 27, 2000).

A few months later, Johnson filed a motion seeking an order from the trial court to compel his former appellate counsel to produce certain documents. The trial court denied that motion by order dated January 18, 2001, and Johnson, acting pro se, initiated this attempted appeal from that denial by filing a Notice of Appeal on February 8. *See* Ind. Appellate Rule 9.

No Transcript was requested or necessary to the appeal and the Notice of Completion of Clerk's Record was issued March 5. *See* App. R. 10(C), 45(B)(1)(a). After obtaining an extension of time, Johnson filed his appellant's brief on May 8. Johnson did not file an Appendix with his brief, as required by Appellate Rules 49(A) and 50(B)(1).

On June 27, the State of Indiana, by its Attorney General, filed a "Motion For Order Directing Defendant To File Conforming Appendix And Permission To File A Late Brief Of Appellee Due To Non–Service." In the motion, the State advised the Court of Appeals that it had not been served with the appellant's brief. Noting also Johnson's failure to file an Appendix, the State requested that the Court of Appeals enter an order that would direct Johnson to file an Appendix and grant the State additional time to file the brief of the appellee. Alternatively, the State asked that the appeal be dismissed for failure to file an Appendix.

The Court of Appeals opted for the latter remedy. *Johnson v. State*, 756 N.E.2d 508 (*Memo. Dec.* Ind.Ct.App.2001). In dismissing the appeal, the Court of Appeals stated, "Because Johnson has failed to comply with the appellate rules and file an Appendix with his brief, his appeal is dismissed." *Memo. Dec.* at ——. On motion from the State, the Court of Appeals decided to publish the opinion, now reported as *Johnson v. State*, 756 N.E.2d 508 (Ind.Ct.App.2001). Rehearing was denied by the Court of Appeals. Johnson then petitioned to transfer jurisdiction to this Court pursuant to Appellate Rules 56(B) and 57.

At this point we pause to note that an order denying a motion to compel an attorney to produce documents, unless entered as a written judgment expressly determining that there is no just cause for delay in accordance with Trial Rule 54(B), is not a final judgment. *See* App. R–2(H). Neither is it an interlocutory order appealable as a matter of right. *See* App. R. 14(A). Therefore, appellate jurisdiction is in doubt. But see *McKim v. State*, 528 N.E.2d 484 (Ind.Ct.App.1988) (assuming without deciding that denial of a motion to compel an attorney to produce documents brought pursuant to statute is immediately appealable). We elect not to address that question at this time, however, and focus instead on a specific point of appellate procedure that has arisen under the substantially revised rules that went into effect January 1, 2001.

■ The opinion of the Court of Appeals suggests that the failure to file an Appendix is always fatal to an appeal. Appellate Rule 49(A) does state, "The appellant *shall* file its Appendix with its appellant's brief." (Emphasis added) Further, Appellate Rule 50(B)(1) states, "The appellant's Appendix in a criminal appeal *shall*

contain [documents listed]." Nevertheless, the failure to file an Appendix is not necessarily automatic cause for dismissal. In this instance, the State moved to compel Johnson to file a conforming Appendix. The Court of Appeals could have granted that motion and required compliance with the order within a specific time period. *See* App. R. 27 ("Any provision of these Rules regarding preparation of the Record on Appeal may be enforced by order of the Court on Appeal.")

We find that requiring compliance with the rules in criminal appeals, rather than dismissing the appeal, is further supported by Appellate Rule 49(B), which provides, "Any party's failure to include any item in an Appendix shall not waive any issue or argument." Because the Appendix is part of the physical Record on Appeal presented to the appellate court, this new rule represents a departure from some of the prior case law, and signals a preference for an ameliorative approach toward failures by the parties to provide a complete record. *See, e.g., Lee v. State,* 694 N.E.2d 719, 721, n. 6 (Ind.1998) ("[I]t is defendant's duty to present this Court with an adequate record on appeal and when defendant fails to do so, the issue is deemed waived. *See Stallings v. State,* 508 N.E.2d 550, 552 (Ind.1987); *Jackson v. State,* 496 N.E.2d 32, 33 (Ind.1986)."). We note further that the rules also provide opportunities for the appellee to file an Appendix containing materials not found in the appellant's Appendix, and for the filing of supplemental appendices. *See* App. R. 50(A)(3), 50(B)(2), 50(D).

■ The better practice for an appellate court to follow in criminal appeals where an Appendix is not filed or where an Appendix is missing documents required by rule is to order compliance with the rules within a reasonable period of time, such as thirty days. If an appellant inexcusably fails to comply with an appellate court order, then more stringent measures, including dismissal of the appeal, would be available as the needs of justice might dictate.

We grant transfer of jurisdiction and pursuant to Appellate Rule 58(A), vacate the Court of Appeals' opinion and remand the appeal to the Court of Appeals for further proceedings consistent with this order.

All Justices concur.