**FOR PUBLICATION**

FILED
Oct 10 2012, 10:57 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**TIM L. GODBY**
Carlisle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TIM L. GODBY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 33A01-1203-CR-128 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HENRY CIRCUIT COURT
The Honorable Mary Willis, Judge
Cause No. 33C01-9512-CF-36

**October 10, 2012**

**OPINION - FOR PUBLICATION**

**FRIEDLANDER, Judge**

Tim L. Godby, pro se, appeals the denial of his motion to correct erroneous sentence. He presents four issues on appeal, which we consolidate and restate as the following issue: Did the trial court properly deny the motion to correct erroneous sentence?

We affirm.

On December 9, 1995, Godby murdered Jeffery Asberry in Newcastle. In 1997, he was convicted by a jury and subsequently sentenced to sixty years in prison for the murder. The trial court also ordered Godby to pay court costs. Godby's conviction was affirmed by our Supreme Court on direct appeal in 2000, and we affirmed the denial of his petition for post conviction relief in 2004. *Godby v. State*, 736 N.E.2d 252 (Ind. 2000); *Godby v. State*, 809 N.E.2d 480 (Ind. Ct. App. 2004), *trans. denied*.

On February 17, 2012, Godby filed a pro se motion to correct erroneous sentence, which the trial court summarily denied. Godby now appeals.

A motion to correct erroneous sentence derives from Ind. Code Ann. § 35-38-1-15 (West, Westlaw current with all 2012 legislation):

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

"The purpose of the statute is to provide prompt, direct access to an uncomplicated legal process for correcting the occasional erroneous or illegal sentence." *Davis v. State*, 937 N.E.2d 8, 10 (Ind. Ct. App. 2010), *trans. denied*.

"[A] motion to correct sentence may only be used to correct sentencing errors that are

2

clear from the face of the judgment imposing the sentence in light of the statutory authority." *Robinson v. State*, 805 N.E.2d 783, 787 (Ind. 2004). In other words, use of this statutory motion should be reserved for the correction of "obvious sentencing errors". *Id.* at 787 n.3. Claims that require consideration of matters outside the face of the sentencing judgment may not be addressed via this type of motion. *See, e.g.*, *Neff v. State*, 888 N.E.2d 1249 (Ind. 2008); *Robinson v. State*, 805 N.E.2d 783.

We initially address Godby's claim that the trial court improperly "considered the evidence introduced at the trial as an aggravator." *Appellant's Brief* at 9. While acknowledging that a court may consider the particularized circumstance of a crime to be aggravating, Godby argues, "[i]t is impossible to determine from the Order of Sentencing just what evidence introduced at the trial the court considered." *Id.* at 10.

Godby's rather undeveloped argument appears to be that the trial court abused its discretion with respect to the finding of a least one aggravating circumstance. This is not a proper claim for a motion to correct erroneous sentence because it necessarily requires consideration of the sentencing hearing, at which the trial court "made findings on record in open court regarding the existence of aggravating and mitigating circumstances." *Appellant's Appendix* at 24. Godby should have addressed this claimed error on direct appeal or, if applicable, post-conviction relief. He may not do so now.

At first blush, Godby's other claim of error has some teeth. He claims that the trial court failed to fully comply with I.C. § 35-38-3-2(b) (West, Westlaw current with all 2012

3

legislation), which provides a list of items a sentencing judgment[1] "must include". The requirement at issue in this case is "the amount of the fines or costs (including fees) assessed, if any, whether or not the convicted person is indigent, and the method by which the fines or costs (including fees) are to be satisfied". I.C. § 35-38-3-2(b)(3). Godby correctly observes that when imposing court costs, the trial court failed to include in the judgment of conviction the amount of the court costs, whether Godby was indigent, and the method of satisfying the court costs. This error is clearly apparent on the face of the sentencing judgment. Our analysis, though, does not end here.

Ind. Code Ann. § 33-37-2-2 (West, Westlaw current with all 2012 legislation) makes clear that costs imposed in a criminal action "are not part of the sentence". Because the error in this case relates only to costs (and not fines),[2] we conclude that Godby's belated attempt to correct the error through a motion to correct erroneous sentence is not proper. In other words, the error here does not relate to a provision of Godby's sentence and is not the type of fundamental sentencing error contemplated by I.C. § 35-38-1-15. *See Beliles v. State*, 663 N.E.2d 1168, 1173 (Ind. Ct. App. 1996)("procedures to correct an erroneous sentence under I.C. 35-38-1-15 should be limited…to those fundamental sentencing errors where sentences have been entered in violation of express statutory authority or an erroneous interpretation of

---

[1] The State appears to confuse the abstract of judgment and the sentencing judgment. It is well established, however, that the "abstract of judgment form is not the 'judgment of conviction'". *Robinson v. State*, 805 N.E.2d at 793. Although "an abstract of judgment may function in place of a judgment of conviction in a county…in which trial courts do not regularly issue formal judgments of conviction", *Neff v. State*, 888 N.E.2d at 1252, such is not the case here.

[2] Throughout his argument, Godby directs us to authority addressing the imposition of fines, rather than costs. The two are not synonymous.

a statutory penalty provision").  The trial court properly denied Godby's motion to correct erroneous sentence.

Judgment affirmed.

BROWN, J., and PYLE, J., concur.