Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 19 2013, 5:34 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**JAMES R. DIETERLE**
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

JAMES R. DIETERLE,            )
                             )
    Appellant-Defendant,    )
                             )
       vs.               )    No. 06A05-1304-CR-191
                             )
STATE OF INDIANA,            )
                             )
    Appellee-Plaintiff.     )

APPEAL FROM THE BOONE SUPERIOR COURT
The Honorable Matthew C. Kincaid, Judge
Cause No. 06D01-9810-CF-92

**September 19, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

James R. Dieterle, pro se, appeals the denial of his motion to correct erroneous sentence, challenging the sentence he received following his conviction for arson as a class A felony, burglary as a class A felony, and public intoxication as a class B misdemeanor. Dieterle presents the following restated issues for review:

1.      Is the sentence imposed by the trial court manifestly unreasonable in light of the nature of the offense and the character of the offender?

2.      Did the trial court abuse its discretion in enhancing Dieterle's sentences beyond the advisory terms?

We affirm.

Before we address the issues Dieterle presents, we note the State's contention that Dieterle waived these arguments by failing to provide a record sufficient to enable us to evaluate his claims. Indeed, the only documentation supplied by Dieterle in conjunction with this appeal was the trial court's sentencing judgment. One would expect all relevant documents to be submitted in the appellant's appendix. *See* Ind. Appellate Rule 49(a) ("the appellant shall file its appendix with its appellant's brief"); App. R. 50(B) (prescribing the contents of the appendix in criminal appeals). Dieterle failed to file an appendix. In *Johnson v. State*, 756 N.E.2d 965, 967 (Ind. 2001), our Supreme Court indicated that "[t]he better practice for an appellate court to follow in criminal appeals where an Appendix is not filed or where an Appendix is missing documents required by rule is to order compliance with the rules within a reasonable period of time, such as thirty days." Pursuant to this mandate, on July 26, 2013, this court issued an order directing Dieterle "to file an appendix within 30 days of the date of this order." We further indicated that "[t]he failure to comply with this order

2

subjects this appeal to dismissal or adverse judgment on the merits." As of the date of this opinion, Dieterle has failed to comply with this order. In *Johnson*, the Supreme Court stated, "[i]f an appellant inexcusably fails to comply with an appellate court order, then more stringent measures, including dismissal of the appeal, would be available as the needs of justice might dictate." *Id*. Rather than dismiss the appeal or enter adverse judgment on the basis of waiver, we choose to address Dieterle's claims on the merits.

The facts underlying Dieterle's conviction of arson, burglary, and public intoxication were set out in his direct appeal, as follows:

> On October 10, 1998, Dieterle opened the locked door of a building in Lebanon, Indiana. He went to the basement, where he piled some papers and used his lighter to set fire to them. The fire engulfed the building, which eventually collapsed. The residents of the apartments in the building escaped the fire, but suffered smoke inhalation. Two firefighters responding to the fire were also injured.

*Dieterle v. State*, No. 06A01-9908-CR-292, *slip op.* at 1 (Ind. Ct. App. April 28, 2000). Following a jury trial that resulted in verdicts of guilty as charged, the trial court found several aggravating factors and no mitigating circumstances, and sentenced Dieterle to the maximum sentence of fifty years imprisonment on each of his felony convictions, which were to be served concurrently.

Upon direct appeal, Dieterle presented two issues. The first consisted of a claim that his conviction of both burglary and arson violated double jeopardy principles. The second claim was a sentencing challenge. Specifically, he claimed that the trial court cited improper aggravating circumstances and imposed an unduly harsh sentence. This court rejected both claims and affirmed the trial court.

3

1. & 2.

Both issues presented in this appeal represent challenges to the sentence. In this case, the allegations of error stem from the trial court's ruling on a motion to correct erroneous sentence. Such a motion is premised upon Ind. Code Ann. § 35-38-1-15 (West, Westlaw current with all 2013 legislation), which provides:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

"The purpose of the statute 'is to provide prompt, direct access to an uncomplicated legal process for correcting the occasional erroneous or illegal sentence.'" *Wilson v. State*, 988 N.E.2d 1221, 1223 (Ind. Ct. App. 2013) (quoting *Robinson v. State,* 805 N.E.2d 783, 785 (Ind. 2004)). Our Supreme Court has indicated that a motion to correct erroneous sentence is appropriate only in limited circumstances. The Court has "repeatedly cautioned that it is appropriate only when the sentence is 'erroneous on its face.'" *Robinson v. State*, 805 N.E.2d at 786 (quoting *Mitchell v. State,* 726 N.E.2d 1228, 1243 (Ind. 2000)). The Court has explained that "error on its face" means "errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority." *Id*. at 1287. On the other hand, "[c]laims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence." *Id*.

Dieterle's challenges to the merits of his sentence are not alleged errors limited to the face of the sentencing judgment. Instead, Dieterle argues that the trial court abused its

4

discretion by imposing an inappropriate sentence. This is not a proper claim for a motion to correct erroneous sentence because it requires a consideration of the sentencing hearing, the presentence investigation report, and other matters that a trial court may properly consider when crafting an appropriate sentence. Dieterle should have addressed this claimed error on direct appeal or, if applicable, post-conviction relief. He may not do so now. *See Godby v. State*, 976 N.E.2d 1235 (Ind. Ct. App. 2012).

Dieterle's appeal fails for a second reason. "An issue which is raised and determined adverse to petitioner's position is res judicata." *Schiro v. State*, 533 N.E.2d 1201, 1204-05 (Ind. 1989), *cert. denied*, 493 U.S. 910. In his direct appeal, although couched in terms of improper aggravating circumstances, Dieterle challenged the length of his sentence. We rejected his claim that the trial court cited improper aggravating circumstances and affirmed the length of the sentence, based in part upon a consideration of the length of the sentence imposed in light of the maximum possible sentence. Therefore, we have already rejected Dieterle's argument that the length of the sentence was inappropriate. We are bound by that prior determination, and therefore cannot reconsider the matter in the present appeal.

Judgment affirmed.

BAKER, J., and VAIDIK, J., concur.