**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Nov 20 2013, 10:11 am

**CLERK**
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**GEORGE CUNITZ**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GEORGE CUNITZ, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 35A02-1305-CR-405 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HUNTINGTON CIRCUIT COURT
The Honorable Thomas M. Hakes, Judge
Cause No. 35C01-9801-CF-6

**November 20, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

George Cunitz ("Cunitz") was convicted in Huntington Circuit Court of two counts of Class B felony burglary. He was sentenced to an aggregate term of forty years executed. Cunitz subsequently filed a motion to correct erroneous sentence alleging that the trial court improperly considered certain aggravating factors when imposing his sentence. The trial court denied the motion and Cunitz appeals pro se.

We affirm.

**Facts and Procedural History**

In 1998, Cunitz was charged and convicted of two counts of Class B felony armed robbery. The trial court sentenced Cunitz to two consecutive terms of twenty years for an aggregate sentence of forty years executed in the Department of Correction. The trial court considered several aggravating factors at the sentencing hearing including: 1) Cunitz's prior "long and lengthy" criminal history; 2) that Cunitz is in need of correctional rehabilitative treatment that can be best provided by commitment to a penal facility; 3) imposition of a reduced sentence or suspension of the sentence would depreciate the seriousness of the crimes; and 4) Cunitz recently violated the conditions of his probation and parole. Appellee's App. p. 3-4.

On March 28, 2013, Cunitz filed a pro se motion to correct erroneous sentence claiming that his sentence was erroneous because the trial court improperly considered two aggravating circumstances. The trial court denied his motion, and Cunitz appeals pro se.

**Discussion and Decision**

Initially, we observe that Cunitz filed his motion to correct erroneous sentence pro se and has also proceeded pro se on appeal. It is well settled that pro se litigants are held to the same standard as trained counsel, and must follow all procedural rules. Evans v. State, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004).

A motion to correct an erroneous sentence is governed by Indiana Code section 35-38-1-15, which provides:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

"The purpose of the statute is to provide prompt, direct access to an uncomplicated legal process for correcting the occasional erroneous or illegal sentence." Robinson v. State, 805 N.E.2d 783, 785 (Ind. 2004) (citation and internal quotation marks omitted). A motion to correct erroneous sentence may properly be used only "to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of statutory authority. Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence." Id. A motion to correct erroneous sentence is an improper remedy for any sentencing claims that are not facially apparent; such claims may be raised only on direct appeal, and by post-conviction proceedings where appropriate. Id.

3

Cunitz claims that his forty-year sentence is erroneous because the trial court improperly considered two aggravating circumstances in determining his sentence. Specifically, Cunitz alleges that because the trial court was not considering a sentence at or below the presumptive sentence,[1] the court improperly considered that Cunitz is in need of correctional rehabilitative treatment that can be best provided by commitment to a penal facility and that imposition of a reduced sentence or suspension of the sentence would depreciate the seriousness of the crimes. This claim cannot be raised in a motion to correct erroneous sentence because alleged error in the determination of aggravating factors requires consideration of the sentencing hearing. See Godby v. State, 976 N.E.2d 1235, 1236 (Ind. Ct. App. 2012). Cunitz could have, but failed to raise this claimed error on direct appeal. His motion to correct erroneous sentence is an improper vehicle to bring his concerns to the attention of the court.

The sentencing order is not erroneous on its face, and consequently, Cunitz has sought an improper remedy for his claim. We therefore affirm the trial court's denial of his motion to correct erroneous sentence.

Affirmed.

NAJAM, J., and BROWN, J., concur.

---

[1] Cunitz committed his crimes well before the 2005 amendments to our sentencing statutes, which were enacted to resolve the constitutional infirmities presented by the presumptive sentencing scheme that our supreme court identified in Smylie v. State, 823 N.E.2d 679 (Ind. 2005).