## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 24 2015, 8:31 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT, PRO SE

Jeffrey Settle
New Castle Correctional Facility
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Kristin Garn
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jeffrey Settle,

*Appellant,*

v.

State of Indiana,

*Appellee.*

September 24, 2015

Court of Appeals Case No.
33A04-1411-MI-516

Appeal from the Henry Circuit Court

Trial Court Cause No.
33C02-1407-MI-72

The Honorable Kit C. Dean Crane, Judge

**Pyle, Judge.**

## Statement of the Case

Appellant/Petitioner, Jeffery Settle ("Settle"), appeals the trial court's denial of his petition to remove his designation as a sex offender. On appeal, Settle argued that the parole board's requirement that he register as a sex offender

violated the Indiana Constitution's prohibition on ex post facto penalties. However, Settle did not include several documents in his Appellant's Appendix that were necessary for our review. We held his appeal in abeyance for thirty days and ordered him to file a supplemental appendix with those documents within that time, but he did not do so. As a result, we now dismiss his appeal.

We dismiss with prejudice.

## Issue

Whether Settle fulfilled his burden of supporting his appeal with the documents necessary for review.

## Facts

Because Settle failed to include documentation relating to his prior and current convictions in his Appellant's Appendix, other than documentation of his current credit time on various offenses, the specific facts regarding those convictions are not a part of the record. However, he alleges that prior to the enactment of the Indiana statutory scheme requiring sex offenders to register on the sex offender registry, he was convicted of a sex offense and escape. At the time of this appeal, he was still serving his sentence for escape.

On September 2, 2014, Settle filed a "Supplement [sic] Petition to Remove the Designation as Sex Offender" in which he alleged that, as a result of his sex offense, he had been required to register as a sex offender and participate in the Sex Offender Management and Monitoring Program in the Indiana Department of Correction. He argued that this requirement violated Indiana's

constitutional prohibitions against ex post facto application of penalties as he was convicted of his sex offense prior to Indiana's statutory requirement to register as a sex offender. On October 8, 2014, the trial court denied Settle's petition to remove his designation as a sex offender.

[5] Subsequently, Settle appealed the trial court's order denying his petition. In his Appellant's Brief, he argued that the parole board's requirement that he register as a sex offender violated the Indiana Constitution's prohibition on ex post facto penalties.[1] However, Settle did not include several documents in his Appellant's Appendix that were necessary for our review. As a result, on July 21, 2015, we entered an order holding Settle's appeal in abeyance for thirty (30) days and ordering him to file a supplemental appendix including: (a) Executive Directive 12-53, which was mentioned in an "Offender Grievance Response Report" that Settle included in his Appellant's Appendix; (b) Exhibits A and B of his "Supplement [sic] Petition to Remove the Designation as Sex Offender;" (c) the judgments of conviction for his convictions; (d) the sentencing orders for his convictions; (e) any documents showing whether he had been discharged, on parole, and/or had his parole revoked under any cause number; and (f) the chronological case summaries for his criminal cases within thirty (30) days or face dismissal.

---

[1] Notably, this is a different argument than his argument before the trial court.

On August 27, 2015, Settle tendered his supplemental appendix. However, in addition to being untimely, the appendix did not comply with our appellate rules, and it was not considered filed.

## Decision

On appeal, Settle has not provided us with a sufficient record to review his case. Although he acknowledges that he was convicted of a sex offense, he has not included any documents in the record relating to that offense, such as the judgment of conviction, chronological case summary, or any documents concerning his discharge of, or parole on, the offense. He contends that he should not be required to register as a sex offender because his conviction occurred prior to the Indiana statutory requirement to register as a sex offender, but there is nothing in the record to even show the date of his conviction.

It is the appellant's duty to present an adequate record clearly showing an alleged error, and failure to do so waives the issue. *Thompson v. State*, 761 N.E.2d 467, 471 (Ind. Ct. App. 2002). Although Settle is representing himself, we hold pro se litigants to the same standards regarding rule compliance as attorneys duly admitted to the practice of law, and pro se litigants must comply with the appellate rules to have their appeals determined on the merits. *Smith v. State*, 822 N.E.2d 193, 203 (Ind. Ct. App. 2005), *trans. denied.*

Pursuant to Indiana Appellate Rule 49(B), "[a]ny party's failure to include any item in an Appendix shall not waive any issue or argument." In *Johnson v. State*, 756 N.E.2d 965, 967 (Ind. 2001), our supreme court indicated that "[t]he

better practice for an appellate court to follow in criminal appeals where an Appendix is not filed or where an Appendix is missing documents required by rule is to order compliance with the rules within a reasonable period of time, such as thirty days." However, the *Johnson* Court also held that "[i]f an appellant inexcusably fails to comply with an appellate court order, then more stringent measures, including dismissal of the appeal, would be available as the needs of justice might dictate." *Id.*

[10] Here, we held Settle's appeal in abeyance and ordered him to file a supplemental appendix including the documents necessary for our review within thirty (30) days or face dismissal. He did not timely file a supplemental appendix within those thirty days, and the supplemental appendix he eventually tendered still failed to comply with the appellate rules. Accordingly, because we do not have the necessary information upon which to base a decision, we dismiss Settle's appeal. *See id.*

[11] Dismissed with prejudice.

Crone, J., and Brown, J., concur.