## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 09 2018, 10:37 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Bradley D. Musselman
Westville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Bradley D. Musselman,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

February 9, 2018

Court of Appeals Case No.
09A02-1707-CR-1726

Appeal from the Cass Superior Court.
The Honorable Richard A. Maughmer, Judge.
Trial Court Cause No.
09D02-1502-F4-7

**Barteau, Senior Judge**

## Statement of the Case

[1]     Bradley D. Musselman appeals the denial of his motion to correct erroneous sentence.  We affirm.

# Issue

Musselman raises one issue, which we restate as: whether the trial court abused its discretion in denying his motion.

# Facts and Procedural History

The State charged Musselman with numerous criminal offenses. During plea negotiations, the parties initially submitted a plea agreement to the court. Pursuant to that agreement, Musselman would have pled guilty to dealing in methamphetamine, a Level 4 felony, and neglect of a dependent, a Level 6 felony. In exchange, the State agreed to dismiss other pending charges and further agreed to a maximum sentence of eight years.

According to the Chronological Case Summary, the parties withdrew that agreement and later submitted a second agreement. Under the second agreement, Musselman agreed to plead guilty to dealing in methamphetamine and neglect of a dependent, but his maximum sentence would be capped at twelve years. The trial court accepted the second plea agreement and imposed a sentence. Musselman did not appeal.

On July 17, 2017, Musselman filed a motion to correct erroneous sentence. The court denied Musselman's motion without a hearing, and this appeal followed.

# Discussion and Decision

[6] When a convicted person is erroneously sentenced, he or she may file a motion to correct erroneous sentence identifying the error and asking the court to correct it. Ind. Code § 35-38-1-15 (1983). The Indiana Supreme Court has clarified that a motion to correct erroneous sentence may address only errors that are found on the face of the sentencing document. *Neff v. State*, 888 N.E.2d 1249, 1251 (Ind. 2008) (quotation omitted). Sentencing errors that require examination of matters beyond the face of the sentencing document must be addressed via direct appeal or post-conviction relief. *Id.*

[7] We review the grant or denial of a motion to correct erroneous sentence for an abuse of discretion. *Woodcox v. State*, 30 N.E.3d 748, 750 (Ind. Ct. App. 2015). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Davis v. State*, 978 N.E.2d 470, 472 (Ind. Ct. App. 2012).

[8] Here, Musselman argued in his motion to correct erroneous sentence that the trial court should not have accepted the withdrawal of the first plea agreement and that he was entitled to be sentenced under its terms rather than the terms of the second agreement. Addressing this claim would necessarily require an examination of the facts and circumstances under which the plea agreements were negotiated and presented to the trial court, as well as the court's reasoning in allowing the first plea agreement to be withdrawn. In other words, Musselman presented a claim that would have required the trial court to look

beyond the face of the sentencing order. His argument is not properly presented by way of a motion to correct erroneous sentence, and we cannot say the court abused its discretion in denying it. *See Godby v. State*, 976 N.E.2d 1235, 1236 (Ind. Ct. App. 2012) (no error in denying motion to correct erroneous sentence; appellant presented sentencing claim that would have required an examination of the sentencing hearing).

# Conclusion

[9] For the reasons stated above, we affirm the judgment of the trial court.

[10] Affirmed.

Vaidik, C.J., and Bradford, J., concur.