## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 25 2018, 9:28 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Ruben Cable
Kokomo, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ruben Cable,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>Kinsey Youth Center,<br>*Appellee-Defendant.* | July 25, 2018<br><br>Court of Appeals Case No.<br>93A02-1705-EX-1182<br><br>Appeal from the Full Worker's Compensation Board of Indiana<br><br>The Honorable Linda Peterson Hamilton, Chairperson<br><br>Application No.<br>C-231357 |

**Bailey, Judge.**

# Case Summary

Pro-se Appellant Ruben Cable ("Cable") challenges an order of the Full Worker's Compensation Board of Indiana ("the Full Board") adopting the findings of fact and conclusions of law of the Single Hearing Member, with respect to Cable's worker's compensation claim against his employer Kinsey Youth Center ("Kinsey").[1] Cable presents the issue of whether the Full Board erred in finding his claim time-barred. Lacking a sufficient record upon which we can review the decision, we dismiss.

# Facts and Procedural History

We do not have the benefit of an Appendix or transcript. However, Cable has asserted that: On March 23, 2013, he sustained an injury to his left foot as a result of slipping on snow while trying to enter Kinsey's building to perform his work duties; he was at that time being treated for an injury to his right foot, for which he had been assigned a worker's compensation claim number of EMF4536; he reported the left foot injury and was assigned a worker's compensation claim number of EWG6548; despite making efforts to present a separate claim for the second injury, he did not receive compensation or medical treatment for the second injury; he sought legal redress; and, on

---

[1] It is not made clear in the record that Kinsey was provided notice of Cable's appeal. Cable's Certificate of Service included in his appellant's brief indicates that a copy of the brief was mailed to Carl C. Cafouros, Attorney at Law, and no particular client is named. The Notice of Appeal lists the same attorney as a distributee.

October 24, 2016, the Single Hearing Member found that Cable did not timely file an application for worker's compensation benefits with regard to the left foot injury.

[3] On April 28, 2017, the Full Board "adopted and affirmed in all respects" the findings and conclusions entered by the Single Hearing Member on October 24, 2016.[2] Appealed Order at 1. On May 26, 2017, Cable filed his Notice of Appeal.

[4] On August 14, 2017, this Court ordered Cable to file, within ten days of the date of the order, evidence that he had made appropriate payment to the court reporter for preparation of the transcript in this appeal. He did not provide evidence of payment but filed a Motion for Leave to Proceed with the Case, stating in relevant part:

> The Appellant filed a complaint with this court requesting that his worker's compensation case be heard by the appeals court and in doing so when his complaint was field [sic] he did not request a copy of the transcript of the worker's compensation hearing that was heard by the board due to lack of financial funds. Mr. Cable is asking the court to proceed with the case through the appeals court.

---

[2] Cable did not file a copy of the order of the Single Hearing Member.

On September 8, 2017, this Court issued an order permitting Cable to proceed on appeal *in forma pauperis*, pursuant to Indiana Appellate Rule 40.[3]  The order specified that Cable was relieved of the obligation to pay an appellate filing fee.[4]  By a separate order of March 5, 2018, this Court granted Cable a forty-five-day extension of time in which to file his brief and Appendix.  Cable timely filed his brief.

## Discussion and Decision

Cable argues that he timely and diligently pursued compensation for his left foot injury.  He "question[s] why" two separate workers' compensation cases, with separate claim numbers, "were combined to be as one."  Appellant's Brief at 12.  We note that, although Cable is proceeding pro se, such litigants are held to the same standard as trained counsel and are required to follow procedural rules.  *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*.  This court will not "indulge in any benevolent presumptions on [their] behalf, or waive any rule for the orderly and proper conduct of [their] appeal."  *Ankeny v. Governor of State of Ind.*, 916 N.E.2d 678, 679 n.1 (Ind. Ct. App. 2009) (citation omitted), *trans. denied*.

---

[3] Appellate Rule 40(D) provides that a party proceeding *in forma pauperis* is relieved of the obligation to prepay filing fees or costs and may file legibly handwritten or typewritten briefs and other papers.

[4] On November 20, 2017, this Court issued an order relieving the court reporter of the obligation to prepare the transcript.

[7] In the context of a criminal case, our Indiana Supreme Court has observed, "the failure to file an Appendix is not necessarily automatic cause for dismissal," and the better practice is that the appellate court order compliance with the rules within a reasonable period. *Johnson v. State*, 756 N.E.2d 965, 967 (Ind. 2001). The Court found support in Appellate Rule 49(B), which provides, "Any party's failure to include any item in an Appendix shall not waive any issue or argument." However, the *Johnson* Court also recognized, "[i]f an appellant inexcusably fails to comply with an appellate court order, then more stringent measures, including dismissal of the appeal, would be available as the needs of justice might dictate." 756 N.E.2d at 967.

[8] The duty of presenting a record adequate for intelligent appellate review of an issue raised by the appellant falls upon the appellant. *Bambi's Roofing, Inc. v. Moriarty*, 859 N.E.2d 347, 352 (Ind. Ct. App. 2006). Cable advised this Court that he wished to proceed with his appeal without obtaining a transcript. On March 5, 2018, Cable was granted a forty-five-day extension of time in which to file his brief and Appendix. He did not file an Appendix and did not provide the Single Hearing Member's order incorporating the findings and conclusions subsequently adopted by the Full Board. Because we lack an adequate record, we are unable to conclude that the Full Board erred, and we dismiss Cable's appeal.

[9] Dismissed.

Crone, J., and Brown, J., concur.