## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 15 2019, 9:21 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kyle E. Cray
Bennett Boehning & Clary, LLP
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samantha M. Sumcad
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jose A. Ortiz, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | May 15, 2019 <br><br> Court of Appeals Case No. 18A-CR-2919 <br><br> Appeal from the Tippecanoe Circuit Court <br><br> The Honorable Thomas Busch, Judge <br><br> Trial Court Cause No. 79C01-1607-F2-20 |

**Pyle, Judge.**

# Statement of the Case

Jose A. Ortiz ("Ortiz") appeals the trial court's order denying his motion to correct erroneous sentence. He challenges the trial court's imposition of consecutive sentences for two of his three convictions, arguing that neither the sentencing order nor the record from the sentencing hearing sufficiently set forth the aggravating circumstances that would support a consecutive sentence. Because a motion to correct erroneous sentence is limited to correcting sentencing errors apparent on the face of the judgment and Ortiz raises an issue outside of this context, we conclude that the trial court did not abuse its discretion by denying his motion to correct erroneous sentence.

We affirm.

# Issue

Whether the trial court abused its discretion by denying Ortiz's motion to correct erroneous sentence.

# Facts

In July 2016, the State charged Ortiz with Count 1, Level 2 felony dealing in methamphetamine; Count 2, Level 3 felony possession of methamphetamine; Count 3, Level 6 felony domestic battery; Count 4, Class A misdemeanor invasion of privacy; Counts 5 and 6, Class A misdemeanor resisting law enforcement; and Count 7, Level 5 felony domestic battery. In February 2017, Ortiz entered into a plea agreement and pled guilty to Counts 2, 4, and 7. In exchange, the State agreed to dismiss the remaining four charges as well as a

pending probation revocation petition in another cause. The plea agreement provided that sentencing was open to the trial court's discretion, but it contained a limitation that the aggregate executed sentence imposed would be between a minimum of twelve years and a maximum of eighteen years. Additionally, as part of his plea agreement, Ortiz waived his right to appeal his sentence, "under any standard of review, including but not limited to, an abuse of discretion standard and the appropriateness of the sentence under Indiana Appellate Rule 7(B)," so long as the trial court sentenced him within the terms set forth in the plea agreement. (App. Vol. 2 at 52).

[4] In March 2017, the trial court held a sentencing hearing and issued a sentencing order, which contained a discussion of relevant aggravating circumstances[1] and mitigating circumstances. The trial court imposed a twelve (12) year sentence for Ortiz's Level 3 felony possession of methamphetamine conviction, a four (4) year sentence for his Level 5 felony domestic battery conviction, and a one (1) year sentence for his Class A misdemeanor invasion of privacy conviction. The trial court ordered that the two felony convictions would be served consecutively to each other and that the misdemeanor conviction would be served concurrently. Thus, the trial court imposed an aggregate sentence of sixteen (16) years, which was within the terms of the plea agreement. Accordingly, Ortiz did not file a direct appeal of his sentence.

---

[1] Among the aggravating factors found by the trial court were Ortiz's criminal history and his recent violation of probation.

[5]     More than one year later, on October 18, 2018, Ortiz filed a motion to correct erroneous sentence. In this motion, Ortiz challenged the trial court's imposition of consecutive sentences, arguing that his possession of methamphetamine and domestic battery offenses were committed simultaneously and should therefore be ordered to be served concurrently. The trial court denied Ortiz's motion to correct erroneous sentence. Ortiz now appeals.

## Decision

[6]     Ortiz appeals the trial court's denial of his motion to correct erroneous sentence pursuant to INDIANA CODE § 35-38-1-15. We review a trial court's denial of a motion to correct erroneous sentence for an abuse of discretion, which occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Davis v. State*, 978 N.E.2d 470, 472 (Ind. Ct. App. 2012).

[7]     An inmate who believes he has been erroneously sentenced may file a motion to correct the sentence pursuant to INDIANA CODE § 35-38-1-15. *Neff v. State*, 888 N.E.2d 1249, 1250-51 (Ind. 2008). INDIANA CODE § 35-38-1-15 provides:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

"The purpose of the statute 'is to provide prompt, direct access to an uncomplicated legal process for correcting the occasional erroneous or illegal sentence.'" *Robinson v. State*, 805 N.E.2d 783, 785 (Ind. 2004) (quoting *Gaddie v. State*, 566 N.E.2d 535, 537 (Ind. 1991)).

[8] A statutory motion to correct erroneous sentence "may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority." *Robinson,* 805 N.E.2d at 787. "Such claims may be resolved by considering only the face of the judgment and the applicable statutory authority without reference to other matters in or extrinsic to the record." *Fulkrod v. State*, 855 N.E.2d 1064, 1066 (Ind. Ct. App. 2006). If a claim requires consideration of the proceedings before, during, or after trial, it may not be presented by way of a motion to correct erroneous sentence. *Robinson*, 805 N.E.2d at 787. Such claims are best addressed on direct appeal or by way of a petition for post-conviction relief where applicable. *Id.* "Use of the statutory motion to correct sentence should thus be narrowly confined to claims apparent from the face of the sentencing judgment, and the "facially erroneous" prerequisite should henceforth be strictly applied[.]" *Id.*

[9] Here, Ortiz challenges the trial court's imposition of consecutive sentences for his Level 3 felony possession of methamphetamine and Level 5 felony domestic battery convictions. He makes a different argument on appeal than he did in his motion to correct erroneous sentence. Specifically, Ortiz contends on appeal that a review of the trial court's order and the record from the sentencing hearing do "not sufficiently state the aggravating circumstances that warrant

that these counts to be served consecutively." (Ortiz's Br. 7). Nevertheless, both arguments challenge the trial court's decision to impose consecutive sentences and both are an attempt to circumvent his waiver of the right to appeal his sentence. Moreover, his consecutive sentencing issue is not a proper claim for a motion to correct erroneous sentence because it "necessarily requires consideration of the sentencing hearing[.]" *See Godby v. State*, 976 N.E.2d 1235, 1236 (Ind. Ct. App. 2012) (explaining that the defendant's motion to correct erroneous sentence was not the proper method to challenge a sentencing aggravator).

[10] The error that Ortiz alleges is not clear from the face of the sentencing order and is not appropriate for a motion to correct erroneous sentence. *See Robinson*, 805 N.E.2d at 787. Because Ortiz has failed to show that the trial court abused its discretion by denying his motion, we affirm the trial court's judgment. *See, e.g.*, *Bauer v. State*, 875 N.E.2d 744, 746 (Ind. Ct. App. 2007) (affirming the trial court's denial of the defendant's motion to correct erroneous sentence where the defendant's claims required consideration of matters in the record outside the face of the judgment and were, accordingly, not the types of claims properly presented in a motion to correct erroneous sentence), *trans. denied.*

[11] Affirmed.

Riley, J., and Bailey, J., concur.